## MAHONEY v. CAPERTON.

NOTICE of motion for new trial given one day before judgment rendered, and six days after filing the report of the Referee to whom the case had been sent to find the facts, is ineffectual for any purpose. If the trial terminated with the filing of the report, the notice was not in time; if it continued, in contemplation of law, until the entry of judgment, the notice was premature, and the proceedings on the motion are void.

Moving for new trial does not of itself operate to extend the time for filing a statement on appeal from the judgment. And where judgment was rendered July 27th, 1859, and motion for new trial overruled Oct. 22d, 1859, a statement on appeal served Nov. 10th, 1859, was not in time.

At one time, seven shares of stock in a company are pledged by defendant to plaintiff as security for a note of defendant then executed. At another time, twenty more shares are pledged as security for another note of defendant then executed. In suit on the notes, and for sale of the stock, etc., the judgment was for the amount of the notes, and directed a sale of all the shares of stock, and an application of the proceeds to the payment of the judgment. *Held*, that the judgment was wrong so far as it ordered a sale of the stock in gross, and an application of the proceeds to the entire indebtedness.

APPEAL from the Eleventh District.

February 23d, 1857, defendant executed his promissory note to plaintiff, and deposited with him, as security for the notes, seven shares stock in the Bear River and Auburn Mining Co. February 24th,

1857, defendant executed another note to plaintiff, and pledged as security twenty additional shares of stock in said company. Plaintiff sues for the amount of the notes and prays for sale of the stock, and application of the proceeds to the judgment.

After a jury trial and verdict for plaintiff, the case was sent to a Referee to report facts on certain issues. Report filed February 22d, 1859. July 30th, 1859, defendant moves to set aside report as against evidence. August 1st, 1859, defendant files exceptions to the report. July 29th, 1859, judgment was rendered in accordance with the facts found by the Referee, in favor of plaintiff, for the amount of the notes, and directing a sale of the whole twenty-seven shares of stock, and that "the proceeds of sale be applied to the payment of the above judgment."

July 28th, 1859, defendant served on plaintiff notice of motion for new trial, on the ground that the report was against law and evidence. August 2d, 1859, defendant filed statement on motion for new trial. October 19th, 1859, the motion for new trial was argued, and overruled on the twenty-second of that month. November 10th, 1859, defendant's statement on appeal filed and served on plaintiff.

Defendant appeals.

*E. B. Crocker & A. S. Higgins,* for appellant, cited *Raun* v. *Reynolds,* (11 Cal.) to the point, that the judgment was erroneous in directing the sale in gross of separate and distinct securities for separate amounts, and applying the proceeds to satisfy a judgment for all the sums in gross.

*Tuttle & Hillyer,* for Respondent. The notice of motion for new trial being too late, is void. (*Caney* v. *Silverthorne,* 9 Cal. 67.) The statement is also too late. Hence there is nothing before the Court but the judgment roll.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

There is nothing before the Court in this case but the judgment roll. The proceedings on the motion for a new trial were irregular and void. Notice of the motion was given one day before the judgment and six days after the filing of the report of the Referee. If the trial terminated with the filing of the report, the notice was not given in time;

if it continued, in contemplation of law, until the entry of the judg-ment, the notice was premature.   In either case, it was ineffectual for any purpose.   The statement on appeal was not served within the time required by the statute.   The judgment was rendered on the twenty-seventh of July, 1859, and the statement was served on the tenth of November.   It is true, the motion for a new trial was not overruled until the twenty-second of October; but even if that motion had been properly before the Court, it could not have operated to extend the time for the service of the statement.

The only error appearing upon the judgment roll, is in that portion of the judgment which directs a sale of certain shares of the capital stock of the Bear River and Auburn Water and Mining Company, and the application of the proceeds.   These several shares were not pledged . as security for the same debt, and it was error to order a sale in gross and direct the application of the proceeds to the payment of the entire indebtedness.   To this extent the judgment must be reversed, but it is affirmed in other respects.   Upon the return of the cause, the Court below will amend the judgment in conformity with this opinion.

Ordered accordingly.