[No. 3,843.]

## HARKWELL BATES v. O. C. GAGE.

APPEAL FROM A JUDGMENT.—An appeal from a judgment must be taken within one year from the time the judgment is entered.

TIME TO MOVE FOR A NEW TRIAL IN EQUITY CASE.—In an equity case, when the special issues are submitted to a jury, and they find thereon, and the Court afterwards renders a judgment, the party against whom the judgment is rendered, if he wishes to have the findings of fact reviewed on a motion for a new trial, must wait until the judgment is rendered by the Court before giving notice and moving for a new trial.

FINDINGS OF JURY IN EQUITY CASE.—The findings of a jury on special issues submitted in an equity case are merely advisory to the Court, and if adopted by it, are the findings of the Court.

END OF TRIAL IN EQUITY CASE.—In an equity case where special issues are submitted to a jury, the trial is not terminated when they render a verdict, but when the Court renders a judgment.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

Bill in equity to enforce the specific performance of a verbal contract to sell and convey real estate. Several special issues were submitted to a jury, and they returned their findings thereon February 27, 1871. On the 2d day of March, 1871, the plaintiff filed and served notice of motion for a new trial, and filed a statement in support of the motion on the 7th of March following. The Court adopted the findings of the jury and rendered a judgment for the

plaintiff, on the 17th of May, 1871, and the judgment was entered on that day. On the 28th of April, 1873, the Court denied the motion for a new trial. The plaintiff filed and served notice of appeal on the 9th day of May, 1873. The other facts are stated in the opinion.

*W. L. Dudley* and *J. M. Hogan*, for the Appellant.

The objection to the transcript, that no notice was given or statement filed for a new trial after the Court rendered its decision, is frivolous. By section 195 of the Practice Act, the party intending to move for a new trial shall give notice of same, when the action has been tried by a jury, within five days after the rendition of the verdict. In construing this section this Court decided, in *Allen* v. *Hill*, 16 Cal. 113, that on the rendition of a special verdict the trial is terminated, and notice of motion for new trial must be given within two days thereafter. And in *Ellsassar* v. *Hunter*, 26 Cal. 279, the Court said: " If the notice of motion for a new trial is not served and filed within five days of the rendition of the verdict, where the case is tried by a jury, the right to move for a new trial is waived."

The appellant moved for a new trial and filed his statement within the time required by statute. He was not required to move again and file another statement after the decision of the Court.

*F. T. Baldwin*, *J. H. Budd* and *D. S. Ferry*, for the Respondent.

The appeal from the alleged order denying a new trial should be dismissed because no motion for a new trial was made in the Court below, or before the Judge of said Court at Chambers, and because no notice was given or statement filed for a new trial after the decision of the Court below was rendered.

The verdict of the jury in cases of equity is simply advisory to the Court. (*Still* v. *Saunders*, 8 Cal. 281.) The defendant made no exception to the decision of the Court and gave no notice of motion, and filed no statement on motion for a new trial after such decision was rendered.

The decision of the Court below will be presumed to have been correct, and sustained by the evidence in the action, unless the contrary is affirmatively shown by the record. (*Hastings* v. *Cunningham*, 35 Cal. 549.) In chancery cases the correctness of the decision of the Court must be determined from the record. (8 Cal. 281.)

By the Court, McKINSTRY, J.:

The appeal from judgment was not taken within one year after the judgment was entered. (Prac. Act, Sec. 336.)

No motion for a new trial was made after the decision of the Court below was rendered. A portion only of the issues raised by the pleadings were submitted to a jury. The verdict was but advisory, so that all the issues were determined by the Court. In an equity case, where all the issues are not passed on by the jury, the trial is not terminated when the verdict is rendered, and the special verdict is to be regarded as a portion of the findings of the Court.

The view we have taken is not in conflict with *Allen* v. *Hill* (16 Cal. 113), nor with *Ellsassar* v. *Hunter* (26 Cal. 284), cited by respondent.

Appeal from judgment dismissed and order denying a new trial affirmed.

Neither Mr. Justice RHODES nor Mr. Justice NILES expressed an opinion.