## HARRIS v. CAREAGA.

January 19, 1884.

2 Pac. 41.

New Trial.—Where a Cause has Been Referred to a Referee, Who Returns His Decision and judgment to the court, the date of their filing is to legal intent the date of their rendering, and they have not until then a legal existence upon which a motion for a new trial might be based. Stipulated statements, notices, or other proceedings, had before the date of such filing, are wholly insufficient as a basis of a motion for a new trial.[1]

Metcalf & Metcalf for plaintiff and appellant; R. B. Canfield for defendant and respondent.

McKEE, J.—The appeal in this case is from an order granting a new trial. The motion for a new trial was heard and determined upon an authenticated statement of the case. At the hearing appellant's attorney objected to the motion, and moved to dismiss it, upon the ground that no notice of it has been given according to law. The objection was overruled. It appears that the case arose out of an action for the dissolution of a partnership and a settlement of the partnership affairs. By an order of the court the case was sent to a referee to take the testimony and an account, and report the same, with his decision and judgment, to the court. On January 9, 1882, the referee, after having taken the testimony and stated an account, which showed a balance due to the plaintiff, prepared his finding of facts and conclusions of law, and a judgment thereon, which he presented with his report to the clerk of the court, to be filed, under the provisions of section 644, Code of Civil Procedure. But the attorney for the defendant appeared and objected to the filing of the same, and, at the same time, applied to the court for time to prepare and serve objections to the decision and judgment. The court granted him until January 23, 1882, to prepare and file such

[1] Cited and followed in Careaga v. Fernald, 66 Cal. 352, 5 Pac. 616, holding proceedings to obtain a new trial ineffectual if taken before filing of findings.

objections, and ordered the clerk to retain the custody of the report, decision and judgment, and not to file the same until the further order of the court. Eight months thereafter, namely, on September 8, 1882, the court ordered that the report, decision and judgment of the referee be filed, and the same were indorsed by the clerk filed on that day. After filing, no notice of intention to move for a new trial was served or filed; but nearly seven months before the filing, namely, on February 13, 1882, the defendant served and filed such a notice, and preceded it by service of a document styled, "Statement of evidence introduced and proceedings had before the referee herein, with exceptions taken on the trial before him, proposed by defendant to be made part of the report of the referee hereinafter to be filed." And on the twenty-third day of February, 1882, the attorneys of the parties stipulated in writing to the effect that the statement, with exceptions taken on the trial before the referee, and served February 3, 1882, stand also as a proposed statement on motion for a new trial, and that the motion shall be heard April 25th, unless defendant's attorney shall be absent on that day from the county of Santa Barbara; the plaintiff's attorney "reserving the right to make any legal objection and exception to the proposed statement." On March 13th an extension of time for thirty days from that date was obtained for presentation of the statement for settlement. In fact, however, the statement was not presented until May 1, 1882, and on that day the attorney for the plaintiff objected to the settlement on the ground that the statement had not been presented in time. It was settled, however, over his objections, and, as settled and engrossed, it was ordered to be filed, and was filed on September 8, 1882, with the decision and judgment reported by the referee. On that day the case was considered as tried to a legal intent: Hastings v. Hastings, 31 Cal. 95. The decision and judgment were then rendered, and, for the first time, had a legal existence upon which the right to move for a new trial could be put in motion. But the attempt to exercise the right before the decision was ineffectual for any purpose, and the proceedings under it were wholly insufficient as a basis for the motion. In Mahoney v. Caperton, 15 Cal. 314, it was so held of a notice of intention given one day before the rendition of the judgment. And in Flateau v.

Lubeck, 24 Cal. 364, it was held that a stipulated statement could not be made the foundation of a motion for new trial where no notice of intention to move had been served and filed. So, in Bear River & A. W. & M. Co. v. Boles, Id. 354, it is said: "Where no notice of intention to move for a new trial is given or waived, the making and filing of a statement does not give the court jurisdiction over the subject matter of a new trial, and an order granting a new trial will be reversed." To the same effect will be found Ellsassar v. Hunter, 26 Cal. 279, and Calderwood v. Brooks, 28 Cal. 152.

Order reversed.

We concur in the judgment: McKinstry, J.; Ross, J.

