[No. 9843. In Bank. — March 20, 1886.]

## J. GIRDNER ET AL., RESPONDENTS, *v.* RICHARD BESWICK, APPELLANT.

APPEAL — NOTICE OF — ORDER REFUSING NEW TRIAL. — The notice of appeal stated that the appeal was taken "from an order overruling and denying defendant's motion for new trial upon the judgment made and entered in above-entitled action, which said order overruling and denying defendant's motion for new trial was made and entered by said court herein on the sixteenth day of September, 1887." The notice was properly entitled in the cause, and an order denying the motion for a new trial on the above date appeared in the transcript. *Held*, that an appeal from the order was sufficiently expressed in the notice.

ID. — NEW TRIAL — NOTICE OF INTENTION — APPEAL — RECORD. — A notice of intention to move for a new trial is not a part of the judgment roll, and will not be considered on appeal unless it is made a part of the record by being embodied in a statement or bill of exceptions.

ID. — TIME FOR SERVING NOTICE — OBJECTION TO — NOTICE OF DECISION. — An appeal from an order refusing a new trial, in an action tried by the court, will not be dismissed on the ground that the notice of intention to move for a new trial was not given in time, if the transcript fails to show that any notice of the decision was ever given, or that any objection was made in the lower court that the notice of intention was not given in time.

ID. — STATEMENT OF CASE — SETTLEMENT OF — CERTIFICATE OF JUDGE. — Appended to the statement on the motion for a new trial was a certificate of the trial judge, signed by him, as follows: "I hereby certify that the foregoing statement of the case on motion for a new trial is the statement settled and allowed by me therefor." *Held*, that the statement was properly settled.

SALE OF ANIMALS — LIABILITY OF PURCHASER FOR LOSS BY DEATH. — The defendant sold to the plaintiffs a band of horses, then running at large, for a stipulated price, and guaranteed that, when gathered up, they should amount to a certain number. Between the date of the sale and the

gathering up of the horses two of them died. *Held,* that the plaintiffs must suffer the loss.

FINDINGS — IMMATERIAL ISSUES. — Certain issues raised by the pleadings examined, and held to be immaterial.

APPEAL from an order of the Superior Court of Siskiyou County refusing a new trial.

The facts are stated in the opinion of the court.

*W. I. Nichols,* and *H. B. Warren,* for Appellant.

*Stabler & Bayne, William McConaughy,* and *J. V. Brown,* for Respondents.

THORNTON, J.—This action was brought to recover two thousand dollars damages for breach of a contract entered into between plaintiffs and defendant. The contract is as follows:—

" $4,500.                     SISKIYOU Co., CAL., June 20, 1882.

" For and in consideration of the sum of four thousand five hundred dollars in hand paid, I this day sell my entire band of horses, mules, and jack to J. Girdner and J. W. George, except five head of horses reserved, and I hereby agree, when gathered up, that there shall be 170 head, not including the colts of 1882, brand, hat brand (—⌒—). Provided that there shall not be some disease, to kill off, or that it becomes known that they have died from any other cause.

"(Signed)                     R. BESWICK."

The breach assigned is that at time of sale by defendant to plaintiffs there were not more than 119 head of the band of animals sold, as defendant well knew, and that plaintiffs, on gathering up said animals, got no more than 117 head of said band, including two that had died.

From this it appears that there was a deficiency of fifty-three head.

The court gave judgment for two thousand dollars, the

value of the fifty-three head, in favor of plaintiffs. The defendant moved for a new trial, which was denied.

If there is any appeal herein it is from the order denying defendant's motion for a new trial. It is contended that there is no such appeal. The language of the notice of appeal is, "*from an order overruling and denying defendant's motion for new trial upon the judgment made and entered* in above-entitled action, which said *order overruling and denying defendant's motion for new trial* was made and entered by said court herein *on the sixteenth day of September, A. D.* 1884."

The notice was properly entitled in the cause. An order denying the motion for a new trial on the 16th of September, 1884, appears in the transcript. The notice in its last clause refers to this order by its correct date as then made, and speaks of it as an order overruling and denying defendant's motion for new trial, and thus defines it the order from which the appeal is taken. It would be an unwarranted construction of this language to hold that this was not the order appealed from. It was plainly intended as an appeal from this order. There is nothing in the language used to mislead the plaintiffs or their counsel as to the order intended to be appealed from. We feel bound to hold it as an appeal from the order denying the motion of defendant for a new trial.

The undertaking on appeal, though inartificially drawn, is in our judgment sufficient.

The only appeal here, as above stated, is from the order of the court denying defendant's motion for a new trial.

It is now urged that this appeal should be dismissed, because the notice of intention to move for a new trial was not given in time.

The only notice of intention which we can take notice of here is that referred to in the order denying the motion for a new trial. The other notices appearing in the transcript we cannot take notice of, because they are not

embraced in the statement or bill of exceptions. Such notices are not a part of the judgment roll, and they must be made to appear as part of the record by a statement or bill of exceptions, as other matters which are not a part of the judgment roll must be made a part of the record.

The order denying the motion for a new trial was made on the 16th of September, 1884, and is as follows:—

"Title of court and cause.

"At a regular term of the honorable Superior Court, continued and held within and for said county, at Yreka City, the county seat thereof, on Tuesday, September 16, A. D. 1884, court met pursuant to adjournment, and was duly called by the sheriff. Present, Hon. Edwin Shearer, superior judge, and officers of the court.

" In pursuance of the notice of motion to move for a new trial, filed herein on the sixteenth day of August, A. D. 1884, the defendant, by W. I. Nichols and H. B. Warren, his attorneys, moves the court to set aside the decision and judgment rendered in this action, and grant a new trial thereof upon the following grounds, to wit:—

"I. Insufficiency of the evidence to justify the decision, and that the decision was against law.

"II. Errors in law occurring at the trial and excepted to by defendant, and that the statement on motion for new trial, as settled and allowed by the judge of said court, and filed herein on the fifteenth day of August, A. D. 1884, and the pleadings, papers, and records in said case are herewith presented in support of said motion.                                        "W. I. NICHOLS,
                                        "H. B. WARREN,
                              "Attorneys for Defendant.

" And said motion having been submitted to the court for judgment thereon, it is ordered and adjudged by the court that said motion be and the same hereby is overruled and denied.

                    "EDWIN SHEARER, Superior Judge."

The notice of intention herein referred to is stated to have been filed on the 16th of August, 1884. The decision herein was filed on the 7th of March preceding. The defendant had ten days after notice of the decision of the court within which to give notice of his intention to move for a new trial. When this notice was given does not appear. In fact, it does not appear that any notice of the decision was ever given. Nor does it appear that any objection was ever made in the court below that this notice of intention was not given in time. Under these circumstances, we cannot hold that this notice was not in time, and the appeal cannot be dismissed on the ground that it was not so given. We are bound to hold, nothing appearing to the contrary, that the notice referred to in the order above quoted was in all respects regular and was given in time.

It is contended that it does not appear that the statement was properly settled. This contention is directed at the certificate of the judge appended to the statement, which is as follows:—

"I hereby certify that the foregoing statement of the case on motion for a new trial is the statement settled and allowed by me therefor.

"EDWIN SHEARER, Superior Judge."

We are of opinion that this certificate accords with the statute. (Code Civ. Proc., sec. 659, subd. 3.)

The contention presented herein for consideration is that the court below failed to find on certain material issues. It is said that the complaint contains the following allegation:—

"That plaintiffs are informed and believe, and upon their information and belief aver, that the defendant's band of animals, so sold as aforesaid to plaintiffs, did not at the time of said sale, or at any time thereafter, consist of 170 head, nor of more than 119 head, exclusive of colts foaled in the year 1882, and that defendant well

knew that he did not own more than 119 head of such animals at the time of said sale."

It is also said that this allegation is denied. The only attempt at denial to which we have been referred or which we can find is as follows: —

"And upon information and belief avers, that he, said defendant, at the time of the making of said sale, was the owner of horses and mules, branded with his brand and numbering about 170 head in the aggregate, exclusive of the colts foaled in 1882."

The issue as to the number of horses defendant owned at the time of the sale is immaterial. The averment in the complaint to that effect is of immaterial matter; and conceding for the argument that it was denied, the issue thus joined would be immaterial. The contract was that the animals referred to should be, when "*gathered up*," 170 head, and not at the time of sale. We cannot conclude that the sale and the gathering were to be simultaneous. The contract refers to the *gathering up* as something to be done after it (the contract) was entered into. The fair inference from the language of the contract is, that the animals spoken of in it were dispersed over a range, from which it was necessary to collect them.

As to that part of the allegation above quoted from the complaint, "that defendant well knew that he did not own more than 119 head of such animals at the time of sale," the knowledge of defendant here averred is not denied at all. If it had been denied, it would have raised an issue entirely immaterial, for the reasons above given, as to the other part of the allegation. The failure to find on immaterial issues is not error.

The third and fourth findings find only matters of evidence. They are not findings of fact, and have no proper place in the findings. They do not, however, affect the result, and afford no reason for a reversal of the order. They should be and are disregarded by this court, as if they did not appear in the findings at all.

The finding as to the number of animals gathered up are in form sufficient. The requisite facts are found in them, in the following words: —

"That said plaintiffs have made thorough search in their efforts to gather up the band of animals so purchased by them of said defendant, over the different ranges where said animals were known to range, and did range, and that plaintiffs have used diligence, and made earnest efforts to find all of the animals purchased by them of the defendant.

"That of the whole number of animals purchased by plaintiffs of defendant, to wit, 170 head, plaintiffs have recovered 117 head, leaving 53 head of said animals which plaintiffs have not recovered and were not able to find and recover."

The above findings are not lacking in sufficiency.

The court finds that fifty-three head of the animals sold were not gathered, and that plaintiffs, on a thorough search, were not able to find and recover them. It finds the value of these fifty-three horses to be two thousand dollars, and at that sum assesses the damages to plaintiffs.

The plaintiffs bought of the defendant a band of animals, which, by his agreement, the latter guaranteed should be 170 head, less five head of horses which he was allowed to retain. There was then sold a band of 165 animals. Of these plaintiffs got only 117 head, leaving a difference of 48 head, for the value of which, and not for the value of 53 head, the plaintiffs were entitled to recover as damages.

We will add here in explanation that the two head which it is admitted by the pleadings died between the time of sale and the gathering should be counted and were properly included in the 117 head as gotten by plaintiffs. The plaintiffs having bought the band of animals on the 20th of June, 1882, from that time the death of any of them was at their risk, and they must suffer the loss of those which died. The court seems to have so ruled, and in doing so ruled correctly.

But in allowing plaintiffs the value of more than forty-eight head the court erred. And for this error the order must be reversed and the cause remanded, with directions to the court below to find from the evidence heretofore offered in the cause, and any further evidence which may be offered therein, the value of the forty-eight head, and having found the same, enter judgment for the sum so found as damages in favor of plaintiffs.

Ordered accordingly.

McKEE, J., SHARPSTEIN, J., and McKINSTRY, J., concurred.

Ross, J., concurring.—The record does not contain the notice of intention to move for a new trial, nor does the statement on motion for new trial recite the giving of such notice. But the plaintiffs' attorney *accepted* the draught of the statement without any objection, and at no time in the court below objected to the settlement or consideration of the statement on the ground that proper notice of intention to move for a new trial had not been given.

The court below, in denying the motion, does not appear to have proceeded upon the supposed want of notice of intention, but upon the determination of the questions presented by the motion itself. We must presume, therefore, that the court found that proper notice was given, or that defendant had waived the objection. (*Gray* v. *Nunan*, 63 Cal. 220.)

Upon the merits, I concur in the conclusions reached by Mr. Justice Thornton.