| | |
|---|---|
| 74 | 269 |
| 76 | 194 |
| 74 | 269 |
| 78 | 385 |
| 78 | 387 |
| 79 | 123 |
| 79 | 124 |
| 74 | 269 |
| 131 | 575 |

[No. 12210.  In Bank. — December 2, 1887.]

RAMON DOMINGUEZ, Respondent, v. F. G. MAS-
COTTI, Appellant.

New Trial — Notice of Motion — Ineffectual when Prior to Findings. — A notice of motion for a new trial which is given before the findings are signed is premature and ineffectual.

Id. — Notice not Part of Record on Appeal. — A notice of motion for a new trial is not a part of the record on appeal.

Id. — Presumption of Waiver. — Where a motion for a new trial is denied, it will not be presumed from the mere fact that a statement or affidavits were filed that a notice of the motion was given or waived.

Appeal from Judgment — Insufficiency of Evidence. — The question as to the insufficiency of the evidence to support the findings will not be considered on an appeal from the judgment, when the appeal is taken more than sixty days after the decision.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The action was brought to quiet title to certain land. On the 10th of December, 1886, the judge of the lower court, at the close of the trial, ordered judgment for the plaintiff, in accordance with the complaint. On the 20th of that month, before any findings were drawn, signed, or filed, the defendant gave notice of his intention to move for a new trial. This notice was not embodied in the statement on motion for a new trial, although what purported to be a copy of it was printed in the transcript on appeal. On the 24th of December, the findings and decree were signed and filed, and notice thereof served on the attorneys for the defendant on the 31st of December. On the 27th of January, 1887, and within the time allowed by the court, the defendant's attorneys served and filed a copy of the statement and affidavits on the motion, the plaintiff's attorneys objecting to the service of the same. A notice of the plaintiff's objections to the statements and affidavits, and to the service thereof, was served and filed on the 28th of January. On the 7th of

February, the plaintiff's attorneys served and filed a copy of their amendments to the defendant's statement, which were accepted by the defendant, the plaintiff meanwhile reserving all objections and exceptions to the service of the statement. On the 1st of March, the defendant's statement was settled by the trial judge. On the 2d of May, 1887, the motion for a new trial was denied, and the appeal from the judgment and order was taken on the 17th of the same month. The further facts are stated in the opinion.

*Horace Bell,* and *C. H. Connell,* for Appellant.

*Robert Hardie,* and *W. I. Foley,* for Respondent.

HAYNE, C.— The notice of motion for a new trial was given before the findings were signed, and was therefore premature and ineffectual. Under the present system the findings constitute "the decision." Until the findings are signed and filed there is no decision, and nobody is "aggrieved," within the meaning of section 657 of the Code of Civil Procedure. That a premature notice of motion is ineffectual has frequently been decided. (*Mahoney* v. *Caperton,* 15 Cal. 313; *Bates* v. *Gage,* 49 Cal. 126; *Hinds* v. *Gage,* 56 Cal. 487; *Spottiswood* v. *Weir,* 66 Cal. 529.)

It is true that the notice of motion is not a part of the record on appeal. (*Girdner* v. *Beswick,* 69 Cal. 112; *Hook* v. *Hall,* 68 Cal. 23.) But if for that reason the notice printed in the transcript cannot be looked at to see when it was given, then the record does not show that a notice was given or waived; and this of itself was good ground for denying the motion. (*Wright* v. *Snowball,* 45 Cal. 654; *Calderwood* v. *Brooks,* 28 Cal. 154.) Formerly the notice was part of the record on appeal. But by careless legislation it is no longer so. And this being the case, it must, as stated in *Girdner* v. *Beswick,* above cited, "be made to appear as part of the record by a statement or

bill of exceptions," or in some appropriate mode.   If it had appeared that the respondent had proposed amendments to the proposed statement without reserving proper objection, the notice of motion would have been waived. But the record does not show this or anything from which it can be inferred that there was a waiver.   It cannot be presumed from the naked fact that a statement or affidavits were filed that a notice of motion was given or waived, where the motion is denied.

The question as to the insufficiency of the evidence cannot be considered on appeal from the judgment, because that appeal was taken more than sixty days after the decision.

We therefore advise that the judgment and order denying a new trial be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order denying a new trial are affirmed.