[No. 12590. In Bank. — March 13, 1889.]

## PIO PICO, Appellant, v. B. COHN et al., Respondents.

Appeal — Record — Notice of Motion for New Trial — Settlement of Statement. — Under the Code of Civil Procedure, the notice of intention to move for a new trial is not made a part of the record on appeal, and need not be embodied in the statement or presented on appeal in any form, unless the respondent insists that it was insufficient. The court below in settling the statement should see that the statement does not go beyond the notice either in the body of it or in the specifications. The appellate court can only look at the specifications embodied in the statement or bill of exceptions, in the absence of a showing by the respondent that no notice or an insufficient one was given.

Id. — Review of Conflicting Evidence. — Where there is a substantial conflict in the evidence, the appellate court will not disturb the decision of the court below.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Graves & Chapman, Anderson, Fitzgerald & Anderson, Campbell, Houghton & Silent,* and *Glassell, Smith & Patton,* for Appellant.

*R. H. Chapman, Stephen M. White,* and *Wells, Van Dyke & Lee,* for Respondents.

Works, J. — This is an action by the plaintiff and appellant to compel the reconveyance of certain real property conveyed by him to the defendant, on the grounds: 1. That the same was conveyed as security for money borrowed; and 2. That the conveyance was procured by fraud.

Preliminary to a discussion of the merits of the case, we are called upon to determine whether the matters presented by the statement on motion for a new trial can be considered. The respondent contends that the statement must be disregarded for the reason that no

notice of intention to move for a new trial is set out therein or in any way shown to have been given.  The point made is that, as the notice of intention to move for a new trial is not before us, we cannot know upon what grounds the motion was made, and therefore no error appears in the record.

The question is not a new one, but the decisions of this court have not distinctly and clearly settled the practice in this respect.

Formerly the notice was made a part of the record on appeal by express statutory provision.  But it is not so under the present code.  (Code Civ. Proc., 670; *Girdner* v. *Beswick,* 69 Cal. 112; *Dominguez* v. *Mascotti,* 74 Cal. 269.)

Nor is there any provision of the code requiring that such notice shall be brought to this court by including it in the statement, or in any other manner.  The papers necessary to be brought up are set out in sections 661 and 952 of the Code of Civil Procedure, and the notice of intention is not one of them.

The former statute having made the notice of intention a part of the record, we must assume that it was omitted from the present code with a purpose.  Being omitted from the section providing what papers shall constitute the record on appeal, and no provision being made for bringing it up in any other way, it is fair to presume that it was not intended to require it to be brought to this court at all.  This leads us to the conclusion that it was the legislative intention that the notice should be the basis of the motion to be made in the court below, and that, upon the proper statement being filed, and the necessary motion made and passed upon by the court below, the notice has performed its functions, and is not a necessary part of the record on appeal, or to be presented here in any form.  When the case comes to us we must look to the statement or bill of

exceptions, and the specifications in which the decision of the court below is not sustained by the evidence, and the specifications of errors of law, as our guide in reviewing the case, and to these alone. If a question is presented by such specifications, and is properly saved in the statement or bill of exceptions, this court will look no further, but must presume that the question was properly presented to the court below, and passed upon in its ruling upon the motion for a new trial.

We do not put this upon the ground of waiver by the opposite party, as is done in some of the earlier cases, but upon the sole ground that we must look alone to the statement or bill of exceptions for the questions to be determined, in the absence of any showing by the respondent that no notice, or an insufficient one, was given. Undoubtedly, the notice of intention is necessary, but if it has not been given, or has been given too late, that must be shown by the respondent as against the settlement of the statement or bill of exceptions, or at the time of and in opposition to the motion for a new trial; and if the court below rules against him, he must cause the facts necessary to present the question to be then included in the statement or a proper bill of exceptions, so that this court can determine whether a proper notice has been given or not.

The specifications in the statement or bill should conform to the notice of intention to move for a new trial.

If they do not, the opposite party should move such amendments thereto as will remove therefrom all matter foreign to the grounds stated in the notice, and in settling the same the court below should see that the statement does not go beyond the notice, either in the body of it or in the specifications. If this is done, and the statement or bill is properly made up, no injury can result to any one from the failure to bring up the notice.

It has been held by this court in a number of cases that it must be made to appear *by the statement* that a notice of intention has been given, or that the giving of such notice has been waived. (*Calderwood* v. *Brooks,* 28 Cal. 151; *Wright* v. *Snowball,* 45 Cal. 654; *Dominguez* v. *Mascotti,* 74 Cal. 269.)

There may be other cases to the same effect. The legislature has said, in effect, that the notice need not come to this court as a part of the judgment roll, and has made no provision for bringing it here in any other way. The conclusion that must necessarily be drawn from this is, that it was not the intention that it should come to this court at all, and we so hold.

The cases cited above, and all others laying down a rule of practice, under the code as it now stands, in conflict with the practice as above stated, are overruled.

As to the merits of the case, but one question is presented by the briefs, viz., whether certain findings of the court are sustained by the evidence. Counsel for appellants contend with great earnestness that there is no evidence against them as to some of these findings, and then proceed in elaborate and able briefs to prove that the evidence against them is unworthy of belief. We have carefully examined the transcript, and find that all the findings attacked are supported by some evidence. Counsel simply ask us to enter upon an investigation of the evidence to determine the credibility and weight to be given to the testimony of the witnesses, and especially that of the defendant Cohn. This we cannot do under the well-established rule that where there is a substantial conflict in the evidence, as there is here, this court will not disturb the decision of the court below. (*Bernal* v. *O'Hanlon,* 59 Cal. 284; *Capital Savings Bank* v. *Reel,* 62 Cal. 425.)

The importance of the case and the elaborate arguments of counsel might seem to call for a review of the evidence. But it seems to us to be unnecessary, and

that to extend this opinion in that way could serve no useful purpose.

Judgment and order appealed from affirmed.

THORNTON, J., McFARLAND, J., BEATTY, C. J., and SHARPSTEIN, J., concurred.

Rehearing denied.