St. Louis v. Boyce.

CITY OF ST. LOUIS v. BOYCE, *Appellant.*

Division Two, November 19, 1895.

1. **Practice:** MOTION FOR NEW TRIAL. Section 2243, Revised Statutes, 1889, requiring a motion for new trial to be filed within four days after the trial, is mandatory, and it must affirmatively appear that the motion was filed within that time.

2. ———: ———: CONDEMNATION PROCEEDING: EXCEPTIONS TO REPORT OF COMMISSIONERS. While it is necessary that one excepting to the report of commissioners in a condemnation proceeding should, when his exceptions are overruled, file his bill of exceptions in order that his exceptions may be preserved, such action does not relieve him from the necessity of filing a motion for new trial within four days after the rendition of final judgment, and, where this is not done, nothing will be reviewed on appeal but the record proper.

3. ———: ———. It is as much a failure to conform to the statutory requirement to file a motion for new trial before the proper time, as it is to file it after that time.

*Appeal from St. Louis City Circuit Court.*—HON. JOHN A. HARRISON, Judge.

AFFIRMED.

*James P. Maginn* for appellant.

*W. C. Marshall* for respondent.

The exceptions of the defendant Boyce were overruled on January 4, 1893. On January 9 she filed a motion a new trial in respect to the court's action on the exceptions—a wholly nugatory act, inasmuch as the action of the court on the exceptions was not a final judgment. This so-called motion for new trial was overruled on March 8, 1893, and on the same day the defendant Boyce filed her bill of exceptions in the case, and the court allowed and signed the same. This was at

the February term, 1893, of the court.   At the March term, 1893, to wit, on the fifteenth day of April, 1893, final judgment was rendered in the cause, from which the defendant Boyce appealed, without having filed a motion for new trial.   Before an appeal will lie, an opportunity must first be given the court below, upon motion for new trial, to review its own rulings.   Without such motion there is nothing to review in the appellate court.   *Richmond's Adm'x v. Wardlow,* 36 Mo. 313. *State v. Marshall,* 36 Mo. 400; *Long v. Towl,* 41 Mo. 398; *Moran v. January,* 52 Mo. 523; *Bank v. Allen,* 68 Mo. 474; *Welsh v. St. Louis,* 73 Mo. 71; *State v. Burns,* 99 Mo. 471; *State v. Day,* 100 Mo. 249.

SHERWOOD, J.—The city instituted this proceeding to condemn certain property in order to open Allen avenue, under ordinance 15,667.   The commissioners brought in their report, and defendant filed exceptions thereto.   These exceptions were overruled on January 4, 1893, during the December term.   Within four days thereafter, defendant filed her motion for a new trial. On the next term in February of that year, to wit, on March 8, the motion for a new trial was overruled and defendant immediately filed her bill of exceptions, and at the next term, to wit, on April 15, judgment was rendered against the defendant, from which she took, during the same term, June 3, her now pending appeal.

The point is now made here, that no motion for a new trial was filed, as required by law, and that the motion, filed *when* it was, was "a wholly nugatory act, inasmuch as the action of the trial court on the exceptions was not a final judgment."

Our statute, section 2243, Revised Statutes, 1889, requires that a motion for a new trial shall be made within four days *after* the trial.   We have repeatedly held that this statute is mandatory, and that it must

*affirmatively* appear that the motion was filed within the time required by law. *Welsh v. City*, 73 Mo. 71; *Moran v. January*, 52 Mo. 523; *Long v. Towl*, 41 Mo. 398; *Richmond's Adm'x v. Wardlaw*, 36 Mo. 313.

Here, no motion for a new trial was filed after the rendition of the judgment, which must be regarded as in the nature of the coming in of a verdict, or as the finding by the court. It was well enough for defendant to tender her bill of exceptions at the February term and have the same signed and filed when her exceptions to the commissioner's report were overruled, for this was necessary in order to preserve her objections taken at *that* term. *State v. Ware*, 69 Mo. 333; *Henze v. Railroad*, 71 Mo. 642.

But it was equally necessary for defendant to file her motion for a new trial within four days *after* the rendition of the judgment, because until that time no final result was announced; the whole matter lay within the breast of the trial court, and it was but right that the court should have the customary time appointed by the statute in which to review its action. But no such opportunity was afforded that court for the correction of any alleged errors. It is just as much a failure in statutory conformity to file a motion for a new trial *before* the proper time, as it is to file it *after* that time. Consequently, no matters of mere exception can be reviewed in this case, and, inasmuch as there are no errors in the record proper, the judgment should be affirmed.    All concur.