[Sac. No. 720.   Department One.—February 15, 1901.]

RECLAMATION DISTRICT NO. 556, Respondent, v. MRS. R. THISBY, Appellant, and RECLAMATION DISTRICT NO. 556, Respondent, v. MRS. R. THISBY et al., Appellants.

APPEAL FROM NEW TRIAL ORDER—SUPPORT OF JUDGMENT NOT REVIEW-ABLE.—Upon an appeal from an order denying a new trial, the sufficiency of the complaint or of the findings to support the judgment cannot be reviewed.

ID.—PREMATURE NOTICE OF MOTION FOR NEW TRIAL—SPECIAL ISSUES FOR JURY—TRIAL BY COURT—ACTION TO CONDEMN LAND.—A notice of intention to move for a new trial given after the verdict of a jury upon special issues submitted to it in an action to condemn land, and before the conclusion of the trial and the de-

---

[1] 38 Am. Rep. 54.

termination of the remaining issues by the court, is premature, and cannot support a motion for new trial.

ID.—NOTICE AS PART OF RECORD—STATEMENT OR BILL OF EXCEPTIONS—PRESUMPTIONS.—The notice of motion for a new trial does not of itself form any part of the record, and it need not be incorporated in the statement or bill of exceptions unless some point is raised as to its sufficiency. If not inserted, it will be presumed sufficient. When inserted, if it appears to be defective or not given in proper time, it devolves upon the moving party to show that the defect was overcome or waived, else it will be assumed in support of the order denying the new trial that the proper notice had not in fact been given.

APPEALS from orders of the Superior Court of Sacramento County denying new trials of special issues.   Joseph W. Hughes, Judge.

The facts are stated in the opinion of the court.

Hiram W. Johnson, and Grove L. Johnson, for Appellants.

M. S. Wahrhaftig, for Respondent.

HARRISON, J.—The plaintiffs seek by these actions to condemn a right of way over a strip of land belonging to the defendants, for the purpose of constructing thereon a levee and canal. The two actions were tried together as a single cause, and have been presented here in a single record and upon the same argument. Certain issues were submitted to a jury and its verdict thereon adopted by the court, and additional findings were made upon other issues. Upon these findings the court rendered judgment in favor of the plaintiff, and afterward denied the defendants' motions for a new trial. From these orders the defendants have appealed. No appeal has been taken from the judgments.

The sufficiency of the complaint or of the findings to support the judgment, or the right of the plaintiff to maintain the actions, cannot be considered upon an appeal from the orders denying a new trial. (*Brison v. Brison*, 90 Cal. 323.)

The respondent contends that the order of the superior court must be sustained upon the ground that it was without jurisdiction to entertain the motion for a new trial, inasmuch as no proper notice of an intention to make such motion had been given.

Although certain special issues were submitted to a jury, these issues formed only a portion of the controversy between the parties to the actions, and the remaining issues were tried by the court and findings of fact made by it thereon, upon which, together with the answers of the jury to the questions submitted to them, the court rendered its judgment in favor of the plaintiff. The "actions" were therefore tried by the court, and under section 659 of the Code of Civil Procedure until the court had rendered its decision, it was not competent for either party to give notice of its intention to move for a new trial. The notices of intention to move for a new trial were given and filed November 1, 1897, while the decision by the court was not made until April 21, 1898. These notices were within ten days after the jury had given their answers to the special issues submitted to them, but as the "actions" were not tried by a jury, the notices were premature and gave to the court no power to act upon the motion which should thereafter be made under the notices. (*Bates v. Gage,* 49 Cal. 126; *Bell v. Marsh,* 80 Cal. 411.) No judgment could have been rendered in the case at the time the jury rendered its verdict, and the trial of the action was not concluded until the court had rendered its "decision" upon all of the issues submitted to it. "A case has not been tried until all the issues have been disposed of, and there has been no decision until the court has passed upon the facts and drawn its conclusions of law therefrom." (*Bell v. Marsh, supra; Crim v. Kessing,* 89 Cal. 478[1]; *Broder v. Conklin,* 98 Cal. 360.) The rule of procedure for causes tried by the court is the same whether they are cases in equity or actions at law. (*Hastings v. Hastings,* 31 Cal. 95.)

The notice of intention to move for a new trial does not form part of the record on appeal, and need not be incorporated in the statement therefor (*Pico v. Cohn,* 78 Cal. 384); and it has been held, for the purpose of sustaining the action of the court below, that where the record is silent upon the subject it will be assumed that the notice was given within the proper time (*Patrick v. Morse,* 64 Cal. 462); yet if the notice is in fact set forth in the statement or bill of exceptions, and it appears therefrom that it was either insufficient or not given

[1] 23 Am. St. Rep. 491.

within the proper time, it then becomes necessary for the appellant to have it appear by the record that this defect was overcome or waived. There is nothing in the record herein from which it can be held that the respondent waived this objection to hearing the motion for a new trial, and it may be assumed, in support of the order, that it was made in consideration of the fact that the proper notice had not been given. The statement in the bill of exceptions that the appellants served and filed the notices of their intention to move for a new trial, "within the time allowed by law," is but a legal conclusion, and is overcome by the fact that the date of such service and filing is itself given in the bill of exceptions. It does not appear that the respondent accepted service of either the notice of intention, or of the proposed statement and bill of exceptions, or that it suggested any amendments thereto, or was present at the settlement. (See *Dominguez v. Mascotti*, 74 Cal. 269.)

The order is affirmed.

Garoutte, J., and Van Dyke, J., concurred.