[S. F. No. 2818.    In Bank.— October 12, 1901.]

FOUNTAIN WATER COMPANY et al., Petitioners, v. S. K. DOUGHERTY, Judge of the Superior Court of Sonoma County, Respondent.

NEW TRIAL— PREMATURE PROCEEDINGS — MINUTE ENTRY — PROCEEDINGS AFTER FINDINGS AND JUDGMENT — MANDAMUS TO SETTLE STATEMENT. — Proceedings on motion for a new trial, based solely upon a minute entry of a decision, which did not purport to be a judgment, and was not signed, it appearing that no findings or judgment had been filed or entered, were premature and invalid; and where findings were filed and judgment entered after denial of the premature motion, new proceedings for a new trial, thereafter instituted in due form, were the only valid proceedings. It is no defense to *mandamus* to compel the settlement of a statement upon such new proceedings, that a statement had been settled and certified upon the premature proceedings.

MANDAMUS in the Supreme Court to compel the settlement of a statement on motion for a new trial in the Superior Court of Sonoma County.    S. K. Dougherty, Judge.

The facts are stated in the opinion of the court.

John M. Barnett, and James W. Oates, for Petitioners.

S. K. Dougherty, Respondent, *in pro. per.*

THE COURT.— Application for writ of *mandamus* requiring the defendant to settle the plaintiff's proposed statement on motion for new trial in a suit for the condemnation of land brought by the city of Santa Rosa against him and another. The case is submitted on demurrer to the petition, and, briefly stated, is as follows: A verdict was rendered in the case, on certain issues, December 29, 1900, and "thereupon," it is alleged, "the court ordered the clerk to enter the following findings and judgment, which were then and there entered by the clerk in the minute-book, to wit." Here follow the "findings and judgment" referred to. These were not signed by the judge or entered in the judgment-book. But they were treated by the parties and by the court as constituting the decision and judgment in the case; and accordingly, proceedings for a new trial having been taken by the defendant, the Foun-

tain Water Company (plaintiff here), a statement on motion for a new trial was settled and certified by the judge, April 24, 1901, the new trial being subsequently denied. But, on the next day after the settlement of the statement (April 25, 1901), another judgment was made and signed by the judge, containing findings of fact, and (as ordered) entered *nunc pro tunc* as of December 29, 1900,—the date of the verdict, and of the former judgment and findings, if they can be so called; and, subsequently, other proceedings were taken for new trial by the same defendant, resulting in the presentation of another statement to the judge for settlement, which he refused to settle, on the grounds (in effect) that a statement had already been settled and certified, and that the only reason suggested for the settlement of the new statement was the supposed incorporation, in the last judgment, of a new finding.

The validity of the former ground must depend upon the question whether, prior to the findings and judgment signed by the judge April 25, 1901, other findings had been filed and another judgment entered. If so, the additional finding contained in the last judgment, if material, would be invalid for want of power in the court to make it, and the proceedings for new trial therefore nugatory; and on this assumption the court would have been justified in refusing to sign the statement, or otherwise to act with regard to the proceedings. (*County of Los Angeles* v. *Lankershim*, 100 Cal. 532, and cases cited.) But from the allegations of the petition it appears that the supposed findings and judgment consisted of a mere minute entry by the clerk, unsigned by the judge; and from the allegations of the complaint it must be taken, also, that the document entered in the minute-book was not entered in the judgment-book. (Code Civ. Proc., sec. 668.) For, though there is no direct allegation that it was not so entered, the fact sufficiently appears from the nature of the entry, — which does not purport to be a judgment, — and from the fact that after the verdict was filed the case was "reserved and submitted for further consideration and decision," and especially for consideration and decision of "all questions of law and fact not passed upon by the jury," and also from the fact that no findings were filed by the judge. (Code Civ. Proc., secs. 532, 1256.) Upon the facts alleged, therefore, it appears that there were no findings prior to the findings and judgment signed by the judge and filed April 25, 1901. It follows that the first pro-

ceedings for new trial were premature, and those following the judgment of April 25, 1901, the only valid proceedings (*Reclamation District No. 556* v. *Thisby*, 131 Cal. 574), and that the statements should have been settled by the judge.

Let the writ issue as prayed for.