PHOENIX PLANING MILL COMPANY, Respondent, v. HARRISON et al., Defendants; FREASIER, Appellant.

St. Louis Court of Appeals, December 13, 1904.

MECHANIC'S LIEN: Time for Filing Suit. Under the provisions of section 4128 of the Revised Statutes of 1899, and section 4160 of the same, an action to enforce a mechanic's lien commenced on the same day as the filing of the lien, but after the lien is filed, is not premature.

Appeal from St. Louis City Circuit Court.—*Hon. Horatio D. Wood,* Judge.

AFFIRMED.

*Paxson & Clark* for appellant.

It will be seen that the only point relied upon by appellant, on this record, is that the suit was prematurely brought as to this defendant. The notice of plaintiff's intention to file a lien if its claim were not paid within ten days was served on the fourteenth day of July, 1903. The petition in this case and the lien upon which it is based were filed in the office of the clerk of the circuit court on the twenty-fourth day of July, 1903. Taylor v. McKnight, 1 Mo. 120; Turk v. Stahl, 53 Mo. 437; McCoy v. Farmer, 65 Mo. 249; Johnson v. Douglass, 73 Mo. 168; Ellis v. Harrison, 104 Mo. 280, 16 S. W. 198; Fisher v. Stevens, 143 Mo. 181, 44 S. W. 769; Richardson v. Railroad, 149 Mo. 311, 50 S. W. 782; Heard v. Ritchey, 112 Mo. 516, 20 S. W. 799; State v. Harris, 121 Mo. 445, 26 S. W. 558; Vandike v. Maddin, 23 Mo. App. 192; Bank v. Porterfield, 70 Mo. App. 573; White v. Haworth, 21 Mo. App. 439; Bailey v. Lubke, 8 Mo. App. 60; 26 Am. and Eng. Ency.

of Law (1 Ed.), pp. 3-5; Bemis v. Leonard, 118 Mass. 502; Dutcher v. Wright, 94 U. S. 553; Evans case, 29 N. J. Eq. 571; Seekonck v. Rohoboth, 8 Cush. (Mass.) 371; Bigelow v. Wilson, 1 Pick. (Mass.) 485; Seward v. Hayden, 15 Mass. 158; Annan v. Baker, 49 N. H. 161.

*R. M. Nichols* for respondent.

(1) The notice given July 14, 1903, under the rule of excluding the first and including the last, enabled plaintiff to file its lien on July 24, 1903. Hahn v. Dierkes, 37 Mo. 574. (2) If the plaintiff had the right to file the lien July 24, 1903, then, under section 4218, commanding that "all actions under this article shall be commenced within ninety days after filing the lien . . . and no lien shall continue to exist . . . for more than ninety days after the lien· shall be filed, unless within that time an action shall be instituted thereon," plaintiff likewise had the right to file its suit upon that day, after filing the lien, because the statute places the date of filing the lien as the accruing of the cause of action. Houser v. Hoffman, 32 Mo. 340. (3) Section 4160 prescribing a rule for the exclusion of the first and the inclusion of the last is applicable as a rule in computing time when not repugnant to the statute under interpretation and when the statute under interpretation does not show a different intent. Section 4218 by prescribing the time of filing the lien, thereby fixing the date when "all actions under this article shall be commenced," shows an intent that the first day shall not be excluded. R. S. 1899, secs. 4160 and 4218; St. Louis v. Bambrack, 41 Mo. App. 648; Northwestern G. & L. Co. v. Channel, 53 Minn. 269; Miner v. Tilley, 54 Mo. App. 627; Patrick v. Faulke, 45 Mo. 312.

GOODE, J.—This is an action to enforce a mechanic's lien. The lien was filed July 24, 1903, and, on

the same day, but after the filing of the lien, plaintiff brought suit to enforce it. It is contended by the defendant that the suit was prematurely brought. This contention is rested on two sections of the statutes. One provides that all actions to enforce mechanics' liens shall be commenced within ninety days of the filing of the lien and the other that the time within which an act is to be done shall be computed by excluding the first day and including the last. R. S. 1899, secs. 4128, 4160. Now the position of the defendant is that by virtue of the statutory provision last recited, the ninety days within which the plaintiff might sue to enforce his lien commenced the day after the filing of the lien and ran ninety days. That is to say, the day on which the lien was filed is to be excluded in computing the period and the last day of the ninety days included. Our opinion is that the statute in regard to computing time does not contemplate a case of this kind and that to give it application here would defeat, instead of realize, the purpose the Legislature had in view in declaring that lien suits must be brought within ninety days after the filing of the lien. The evident purpose of the latter statute was to prevent a lien from standing against an owner's property, without an action to enforce it, for more than ninety days, as the title to the property would be clouded and incumbered thereby. Ninety days were thought to be sufficient time to permit the lienor to set about enforcing his lien. The mischief to be prevented, therefore, was the continuance of a lien without a suit to aid it for more than ninety days. The Legislature did not intend to prevent a suit from being brought on the same day the lien was filed. Such prompt action would tend to the interest of the owner of the property by bringing about a quick determination of the rights of the lienor and the consequent earlier release of the property. The section providing for a suit within ninety days goes on to say that no lien shall continue to exist for more than ninety days

after it is filed unless, within that time, an action shall be instituted on it. The purpose of the Legislature is thus embossed on the face of the statute and is unmistakable. The statutes say that an appeal from a judgment of a justice of the peace must be taken within ten days, but it never has been contended that the appeal can not be taken on the day the judgment is rendered. So, too, the statute providing for a motion for a new trial in the circuit court says such motion must be filed within four days after verdict, but it may be filed on the day a verdict is returned. The object of all such legislation is to fix a time beyond which a given remedy is no longer open to a party; not to fix a limit before which he may not move; except that he must not move until, according to orderly procedure, all necessary antecedent steps have been taken; for instance, must not move for a new trial before a verdict is in. St. Louis v. Boyce, 130 Mo. 572, 31 S. W. 594.

The notice of intention to file his lien was given by the present plaintiff to the defendant in due season and the demand was due when the action was brought. No harm could result to the defendant by filing the suit the day the lien was filed; and we can not conceive how harm can result to any property-owner from such promptness on the part of the lienor, and, therefore, think the statute was not disregarded. The demand having fallen due, the defendant having had ten days' notice of the plaintiff's intention to file a lien and the latter having been filed, all before this action was instituted, it was not premature.

The judgment is affirmed. All concur.