[L. A. No. 7222. In Bank.—June 29, 1922.]

## J. B. BARNES et al., Respondents, v. J. T. FOLEY, Appellant.

[1] NEW TRIAL — ACTION EMBRACING SEVERAL ISSUES — SEPARATE TRIALS BY COURT AND JURY—PREMATURE NOTICE OF INTENTION— EFFECT ON TIME FOR APPEAL.—Where an action embraces several issues, some of which are tried by the court and some by a jury, a notice of intention to move for a new trial served and filed after the verdict on the issues submitted to the jury, but before the decision on the issues tried by the court, is premature, and does not constitute a valid proceeding for new trial sufficient to prolong the time for appeal under the provisions of section 939 of the Code of Civil Procedure giving thirty days' time after the termination of the motion for new trial within which to appeal.

[2] ID.—TRIAL BY JURY—TIME OF SERVICE OF NOTICE OF INTENTION —CONSTRUCTION OF CODE AMENDMENT.—The amendment of 1915 to section 659 of the Code of Civil Procedure providing that a. notice of intention to move for a new trial must be served and filed "within ten days after verdict, if the trial was by jury" refers to cases where all the issues joined in the action are submitted to a jury and does not apply where only a part of such issues are tried by the jury.

MOTION to dismiss appeal from judgment. Granted.

The facts are stated in the opinion of the court.

Walter E. Barry and Barry & McReynolds for Appellant.

F. E. Borton for Respondents.

SHAW, C. J.—The plaintiffs move the court to dismiss the appeal taken by the defendant from the judgment in this action upon the ground that the appeal was not taken within the time allowed by law.

The complaint states a cause of action to enjoin trespasses by the defendant upon land of the plaintiffs, and to recover damages caused by trespasses already committed.

A trial by jury of the issues as to damages was demanded by the defendant. A jury was impaneled to try that issue and, on September 29, 1921, a verdict was returned thereon. The court proceeded with the trial of the cause of action for injunction and, on October 26, 1921, filed findings and rendered judgment granting the injunction and for the recovery of damages. The judgment was entered on that day. Notice of the judgment was served on the defendant on the following day, October 27, 1921.

[1] On October 8, 1921, which was after the rendition of the verdict but before the filing of the findings and the entry of judgment thereon, the defendant filed a notice of intention to move for a new trial. On December 27, 1921, the court below made an order denying the motion for a new trial. The notice of appeal was filed on January 4, 1922, stating that the defendant appeals from the judgment rendered against him on October 26, 1921. Where the action embraces several issues, some of which are tried by the court and some by a jury, a notice of intention to move for a new trial, served and filed after the verdict on the issues submitted to the jury, but before the decision on the issues tried by the court, is premature and gives "to the court no power to act upon the motion which should thereafter be made under the notice." (*Reclamation District* v. *Thisby,* 131 Cal. 574 [63 Pac. 918]. See, also, *Bell* v. *Marsh,* 80 Cal. 414 [22 Pac. 170]; *Warring* v. *Frear,* 64 Cal. 56 [28 Pac. 115]; *Bates* v. *Gage,* 49 Cal. 126.)

[2] The language of the amendment of 1915 to section 659 did not change this rule. The phrase "within ten days after verdict, if the trial was by jury," inserted by that amendment, refers to cases where all the issues joined in

the action are submitted to a jury and does not apply where only a part of such issues are tried by the jury. This proposition was elaborately discussed and determined by the district court of appeal in *San Joaquin etc. Co.* v. *Stevinson,* 30 Cal. App. 405 [158 Pac. 768], and was approved by the supreme court by denying a petition for rehearing thereof.

The consequence is that the notice of intention in this case did not constitute a valid proceeding for new trial sufficient to prolong the time for appeal under the provisions of section 939 of the Code of Civil Procedure, giving thirty days' time after the termination of the motion for new trial within which to appeal. The appeal, taken more than sixty days after October 26, 1921, the date of the entry of the judgment, was, therefore, too late.

The appeal is dismissed.

Lennon, J., Wilbur, J., Lawlor, J., Sloane, J., Shurtleff, J., and Waste, J., concurred.