[Civil No. 2362.   Filed November 6, 1925.]

[240 Pac. 348.]

VINTON   HAMMELS,   Appellant,   v.   ALVINA
KREIG and MICHAEL KREIG, Appellees.

1. NEW TRIAL—MOTION FOR NEW TRIAL PREMATURE WITHIN STATUTE
   IS AS INEFFECTUAL AS ONE MADE TOO LATE.—A motion for new
   trial, which is premature under Civil Code of 1913, paragraph
   590, because made before rendition of judgment, is as ineffectual
   as a motion made too late.

2. APPEAL AND ERROR—SUPREME COURT HELD PRECLUDED FROM CON-
   SIDERING SUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT BECAUSE
   OF PREMATURE MOTION FOR NEW TRIAL.—Supreme Court *held*
   precluded by Civil Code, paragraph 1231, from considering suffi-
   ciency of evidence to support verdict where appellant's motion
   for a new trial, within paragraph 590, was premature in having
   been made after verdict but before rendition of judgment.

See (1) 29 **Cyc.**, p. 1040.   (2) 3 **C. J.**, pp. 966, 985.

APPEAL from a judgment of the Superior Court
of the County of Maricopa.  M. T. Phelps, Judge.
Affirmed.

Messrs. Armstrong, Lewis & Kramer, for Appel-
lant.

Mr. Frederick H. Griffith, for Appellees.

LOCKWOOD; J.—Vinton Hammels; hereinafter
called plaintiff, entered suit against Alvina and
Michael Kreig, hereinafter called defendants, to re-
cover damages for an alleged breach of contract.
Plaintiff had leased from defendants a certain tract
of land for the purpose of growing cotton thereon,
and defendants had agreed to furnish and keep in re-
pair a certain pumping plant to supply water for said

1.   See 20 **R. C. L.** 303.

land. The complaint alleged that defendants had failed to furnish and maintain said pumping plant in repair, and that by reason thereof plaintiff could not secure sufficient water to properly grow cotton on the land, to his damage in the sum of $13,482.29. The case was tried before a jury, which on March 24, 1924, returned a verdict in favor of the plaintiff in the sum of $1. On March 31st, plaintiff filed a motion for new trial, which was duly continued, and then argued on April 14th. On April 28th the court denied the motion for new trial and thereafter entered judgment in accordance with the verdict, and an appeal was taken to this court.

The sole error assigned is:

"That the court erred in refusing to vacate and set aside the verdict of the jury and grant the plaintiff a new trial, for the reason that the verdict of the jury awarding plaintiff judgment and fixing his damage in the sum of $1 was grossly insufficient, and appeared to have been given under the influence of passion or prejudice, and was contrary to all the evidence in this case."

The record shows that the motion for new trial was made nearly a month before the rendition of judgment, and was denied on the same day that judgment was rendered, but in advance thereof. We have held in *Gibson* v. *McLane,* 17 Ariz. 61, 148 Pac. 289:

"Paragraph 590 of the Civil Code of 1913, which was in effect at the time these proceedings took place, reads: 'All motions for new trial, in arrest of judgment, or to set aside a judgment, shall be made within ten days after the rendition of judgment.' The minute entries show that the motion for new trial was filed and denied by the court before and not after the rendition of judgment, and the motion itself shows that it was directed at the verdict and not the judgment. The statement in the minute entry that it should 'appear' differently does not change the fact,

but lends proof that no judgment had been rendered at the time the motion was overruled. And the record is not clear as to whether the judgment was actually rendered on October 18th or October 27th; the minute entry by the clerk giving the first date and the judgment as signed by the judge giving the last date. It is clear, however, that the motion for new trial was disposed of before any judgment was rendered or entered.

"In *Daggs* v. *Howard Sheep Co.,* 16 Ariz. 283, 145 Pac. 140, we had under consideration a motion for new trial filed too late; the law then being contained in paragraph 1478 of the Revised Statutes of 1901. Paragraph 590, *supra,* is an amendment of paragraph 1478, but the question we are now considering is unaffected by the amendment. We decided in that case that 'the terms of this law are mandatory and must be obeyed by the court as well as by the parties,' citing several Arizona cases for the rule. The motion for new trial was not made at any time provided by law; that is, 'after the rendition of judgment.' The limit of time for making the motion is as definite as language can make it. It must be made 'after,' and, of course, 'within ten days' of the rendition of judgment. A premature motion is therefore as ineffectual as one made too late. *Mahoney* v. *Caperton,* 15 Cal. 313; *Dominguez* v. *Mascotti,* 74 Cal. 269, 15 Pac. 773; *Harris* v. *Careaga,* 2 Cal. Unrep. 242, 2 Pac. 41; *Fountain Water Co.* v. *Dougherty,* 134 Cal. 376, 66 Pac. 316; *St. Louis* v. *Boyce,* 130 Mo. 572, 31 S. W. 594; 29 Cyc. 1040.

"Under the provisions of paragraph 1231 of the Civil Code, the errors assigned (No. 8) to the overruling motion for new trial and (No. 9) to the insufficiency of the evidence to sustain the verdict are not properly before us, as in law no motion for new trial was ever made. By that paragraph we are authorized to review the action of the court in overruling a motion for new trial, where the appeal is from final judgment only, when such motion is made and denied, and it is also provided therein that we may not consider the sufficiency of the evidence to sustain a verdict or judgment in an action tried by a jury,

unless a motion for a new trial shall have been made.''

The same question was also before us in *Ellis* v. *First Nat. Bank of Globe,* 19 Ariz. 464, 172 Pac. 281, and was decided in the same way. The sole assignment of error being based on the insufficiency of the evidence to support the verdict, and we being precluded from considering this question, under the statute and the above cited decisions the judgment of the trial court is necessarily affirmed.

McALISTER, C. J., and ROSS, J., concur.