PEOPLE *ex rel.* ALLEN *v.* HILL *et al.*

On the rendition of a special verdict the trial is terminated, and notice of motion for new trial must be given within two days thereafter, or the proceedings based upon such notice will be disregarded.

A special verdict settles the facts, and the Court, by its judgment, pronounces the conclusions of law upon the facts found. If the Court errs in this respect, the error may be reviewed without any motion for new trial; but the right to correct the verdict does not depend upon the judgment, and the steps necessary for that purpose must be taken within the statutory time.

*Peabody* v. *Phelps* (9 Cal. 213) commented on.

A surviving partner has, under the statute of May, 1850, regulating the settlement of the estates of deceased persons, sec. 198, the exclusive right of possession, and the absolute power of disposition of the assets of the partnership.

A surviving partner has a right to vote, at an election for officers of a corporation formed under the general incorporation Act of this State of 1853, the stock in his hands as assets of the partnership—the business of the firm being unsettled.

The fact that a portion of the stock voted by such surviving partner stood upon the books of the corporation, at the time of the election, in the name of the deceased partner alone, does not affect the right to vote, if in fact the stock belonged to the partnership.

*Semble* upon principle, that the real owner of stock in such corporations is entitled to represent it at the meetings of the corporation, and the mere fact that he does not appear as the owner upon the books of the company, should not absolutely exclude him from the privilege of so doing.

The New York cases, establishing a different doctrine, are based upon a statute making the books of the corporation the only evidence as to ownership of the stock.

APPEAL from the Eleventh District.

Information by the Attorney General in the nature of *quo warranto* to determine the title to the offices of the Gold Hill and Bear River Water Company, a corporation formed under the general corporation Act of April, 1853.

At an election of officers of the company, two tickets were voted for, one headed by plaintiff, Allen, for President, the other by Hill, defendant. At the time, the books of the company showed one hundred and fifteen shares, standing thus: In the name of Devane, twenty-two shares; in the name of Devane & Hill, sixty-one shares; in the name of Devane & Hill and Hall & Allen, thirty-two shares.

One Love was administrator of Devane, deceased, who died a partner of Hill. At the election, Love, as such administrator, was permitted to vote the thirty-two shares standing in the name of Hill, the one half of the sixty-one shares standing in the name of Hill & Devane, and the one-third of the thirty-two shares standing in the name of Devane & Hill and Hall & Allen—the two former owning two-thirds. He voted for Allen. Hill voted this same stock as surviving partner of Devane, for Hill as President.

The point of dispute is whether Love, as administrator of Devane, or whether Hill, as surviving partner, was entitled to vote this stock. In the former case the ticket headed by Allen, in the latter case the ticket headed by Hill, was elected.

The Court below submitted to the jury three questions for a special verdict. 1st. Were Hill and Devane, at the time of Devane's death, partners in any or all of the shares of stock voted by Hill, and if so— 2d. Were they such partners in all of said shares so voted by Hill, or only in a portion; and if in a portion only, what portion or number of shares. 3d. If you find the above propositions in the affirmative, then was the partnership business still unsettled at the time of the election.

The verdict was, " We, the jury, find upon the first proposition ' yes.' Upon the second, ' partners in all,' and upon the last, ' yes.' "

The verdict was rendered on the fourteenth of January, 1860. The record then states that " the cause was held open for argument on the motion hereinafter mentioned, until the sixteenth of January, 1860. On said sixteenth of January, 1860, the attorney for the People presented to said Court and filed the following motion for judgment, and to set aside the special findings of the jury."

This motion, which was to set aside the findings as contrary to law and the evidence, and for errors of law occurring at the trial, and for judgment for relator, was argued on the nineteenth of January by the respective counsel, and on the twentieth, judgment was rendered for defendants. The record does not contain any service of notice of this motion on the defendants. After judgment, and on the twenty-first of January, 1860, relator filed and served a motion for new trial, on the grounds that the special verdict and the judgment were contrary to law and evidence, etc.

Motion denied. Relator appeals from the judgment and the order overruling the motion.

*A. S. Higgins*, for Appellant.

I.  Love, as administrator of the estate of Devane, deceased, was entitled to vote all. the stock and interests in stock owned by Devane, to wit: the one-third of thirty-two shares, the one-half of sixty-one shares, and twenty-two shares standing on the stock book of the company in the name of Devane. (Wood's Dig. sec. 9, 120; Id. sec. 494, 410; Id. sec. 11, 121; Collyer on Partnership, sec. 129 and authorities in note; Id. secs. 130, 132, 133, 134; Story on Partnership, sec. 346; 3 Kent, 36, 37 and 63; Id. secs. 22, 23 and on; *Beckett* v. *Selover*, 7 Cal. 238.)

II.  The evidence does not establish that the stock standing in the joint names of Hill & Devane is partnership property, and the District

Court erred in admitting the testimony objected to in reference to the partnership.   (9 Cal. 640; 3 Id. 98 and authorities; 6 Id. 453; 8 Id. 575; 7 Wend. 216; 2 Watts, 22; Collyer on Part. 776.)

III.   If the stock standing in their joint names is partnership property, and if Hill, as surviving partner, was entitled to vote it, yet he had no right to represent and vote the twenty-two shares standing in Devane's name alone.   (Wood's Dig. art. 454, Corporation Law; Id. Corporation Act, sec. 144; Id. sec. 116; 5 Cal. 186; 19 Wend. 37; 7 Cow. 402; Angel and A. on Corp. sec. 113; 5 Cow. 434; 2 Id. 778; *Fowler* v. *Ludwig*, 34 Me. 455; *Union Bank* v. *Laird*, 2 Wheat. 390; 19 Wend. 135; Angel and A. on Corp. secs. 576, 583; 5 Cal. 186; 6 Id. 425; 9 Id. 78.)

IV.   An information need not show a title in the People, but defendant must show a right to the office or judgment will go against him.   (15 Johns. 388 and cases cited; 3 Gilman, 59; Angel & A. 5th ed. sec. 56 and note: Wood's Dig. sec. 310, 207.)   And judgment should be in favor of those entitled.   (Id. 207, secs. 311, 312 and 313.)

V.   The demurrer on behalf of the People to the answer and showing of defendants, should have been sustained upon the grounds therein stated.

*Tuttle & Hillyer*, for Respondents.

1. The notice of motion for new trial was not in time.

2. The partnership between Hill & Devane, at the death of the latter, being established by the verdict, Hill became the legal owner of the stock with full power of control.   (3 Paige Ch. 525; 7 Id. 26; 1 Bradf. 24; Wood's Dig. sec. 198, 411: Id. sec. 5, 120.)

3. The fact that some of the stock stood in the name of Devane alone makes no difference.   Hill & Devane were proven to be the real owners. The New York cases, that the books only are evidence of ownership of the stock, are predicated upon a statute.   (5 Cow. 434, where the statute is set forth.)

*Thos. H. Williams, Attorney General*, for Appellant, in reply.

The notice of motion for new trial was in time.

The disputed facts in the case were submitted to a jury, with instructions to return a special verdict.   The jury did return such a verdict on the fourteenth day of January, and the attorney for appellant thereupon made a motion for judgment.   Respondents' counsel also claimed judg-

ment.   The Court adjourned further proceedings until the nineteenth, when the motion for judgment was argued, and on the twenty-first, judgment was rendered for respondents.   Immediately thereafter, to wit: on the twenty-first, appellant's counsel gave the notice and filed the statement on motion for new trial.

The statute (see Prac. Act, sec. 178) authorizes the Court, after the rendition of a special verdict, to reserve the case for further argument or consideration, which was done in this case.   And the notice of motion for new trial is not required to be given until after the trial is completed, and not within two days after the verdict.

The trial is not complete until after the judgment or order for judgment is made upon the special verdict.

Cope, J. delivered the opinion of the Court—Baldwin, J. concurring.

The notice of the motion for a new trial in this case was not given in time, and the proceedings based upon such notice must, therefore, be disregarded.   The trial terminated with the rendition of the verdict, and the notice should have been given within two days thereafter.   It is urged that as the verdict was special, it was necessary to invoke the action of the Court before a judgment could be entered upon it, and that, therefore, the trial itself did not in contemplation of law terminate until the judgment was rendered.   We cannot assent to this view.   The facts were settled by the verdict, and it only remained for the Court to pronounce the conclusion of the law upon the facts found.   If the Court erred in this respect, the error is a proper subject of review, and a motion for a new trial was unnecessary.   If the verdict was not satisfactory, the right to correct it did not depend upon the judgment, and the steps for that purpose should have been taken within the time limited by the statute.   The better practice in such cases would be to settle all questions of this character in advance of the final action of the Court.

It is argued by counsel, that inasmuch as the party aggrieved by a verdict is alone entitled to object to it, the right to do so must be regarded as resulting from the judgment, and depending for its exercise upon the ultimate action of the Court.   The error of this argument is obvious.   It makes the exercise of this right subservient to the opinion of the Court upon a matter of strict law in no way connected with any question to which it relates.   The Court acts upon the verdict as it is,

and not as it should be, and if the right of a party to take the necessary steps for its correction depends upon such action, even an erroneous judgment is conclusive of this right. The successful party can never go behind it for the purpose of calling in question the action of the jury.

In *Peabody* v. *Phelps*, (9 Cal. 213) though the precise question in this case was not involved, a similar opinion was expressed in regard to it. " Upon facts found," said the Court, " whether by report of the referee or special verdict of a jury, the direct action of the Court must be invoked before judgment can be entered. Though the trial in such cases has ended, judgment does not follow immediately as a matter of course ; and the time within which the notice of motion to set aside the report or verdict must be given, should be the same in the two cases, and date from the filing of the report or the rendition of the verdict."

Upon a careful and thorough examination of all the questions arising upon the record, we are satisfied that no error has been committed for which the judgment should be reversed. The right of defendant, Hill, to represent the stock voted by him at the election of officers of the corporation, was established by the verdict. The shares with reference to which his right is controverted, were assets in his hands as surviving partner of the firm of Hill & Devane. The business of the firm was unsettled, and so long as that continued to be the case, he alone was entitled to the possession and disposition of the partnership effects. His rights, in this respect, were sanctioned and protected by the express provisions of a statute. The Act of May, 1850, regulating the settlement of the estates of deceased persons (sec. 198) provides as follows :— " When there was any partnership existing between the testator or intestate at the time of his death, and any other person, the surviving partner shall have the right to continue in possession of the effects of the partnership and to settle its business, but the interest of the deceased shall be included in the inventory and appraised as other property. The surviving partner shall proceed to settle the affairs of the partnership without delay, and shall account with the executor or administrator, and pay over such balances as may from time to time be payable to him in right of his testator or intestate. Upon the application of the executor or administrator, the Probate Judge may, whenever it may appear necessary, order the surviving partner to render an account, and in case of neglect or refusal, may, after notice, compel it by attachment. And the executor or administrator may maintain against him any action which his testator or intestate could have maintained." (Wood's Dig.

411.)   This section vests in the surviving partner the exclusive right of possession, and the absolute power of control and disposition of the assets of the partnership.

We think that no consequence is to be attached to the circumstance that a portion of the stock represented by Hill stood upon the books of the corporation in the name of Devane alone.   This was *prima facie* evidence that it belonged to the separate estate of Devane, but it was competent for the defendants to show that it was in fact the property of the partnership.   The cases cited from New York proceed entirely upon a statute of that State, and the reasoning in some of these cases indicates very clearly, that in the absence of the statute the conclusion would have been different.   We are unable to perceive that the other authorities referred to have any bearing upon the case.   It would seem, upon principle, that the real owner of stock should be entitled to represent it at the meetings of the corporation, and that the mere fact that he does not appear as owner upon the books of the company, should not exclude him from the privilege of doing so.

No error appearing upon the record, the judgment is affirmed.