## S. C. HASTINGS *v.* D. N. HASTINGS.

CONTINUANCE OF CASE DURING TRIAL.—A Judge has discretionary power, after having heard the testimony and argument of counsel in a case and announced orally from the bench his finding on the issues in favor of one or the other of the parties, to continue the case until the next term of Court.

WHAT CONSTITUTES A TRIAL.—Until a decision of the Court has been entered in the minutes, or reduced to writing by the Judge and signed by him and filed with the Clerk, a case has not been tried.

CONTINUANCE.—Facts mentioned warranting a continuance during the progress of a trial.

APPEAL from the District Court, Seventh Judicial District, Solano County.

The defendant appealed from the judgment.

The other facts are stated in the opinion of the Court.

*J. E. Abbott,* for Appellant, argued that, admitting the affidavit to state facts to justify a continuance, still, it was too late to make the application, and that the proper time to have done so was when the receipt was offered in evidence, and when the party offering it would have had an opportunity to explain the alteration; and cited Green. on Ev., Sec. 564; *Tillon* v. *Clinton Ins. Co.,* 7 Barb. S. C. 564; *Ross* v. *Gould,* 5 Greenl. 204; and Practice Act, Secs. 193 and 448.

*L. B. Mizner,* for Respondent, argued that the continuance of a cause, granted in the discretion of a Court to prevent fraud, would not be interfered with by an appellate Court, and that where there were neither findings nor judgment, the Court had power to continue the cause for further hearing; and cited Prac. Act, Sec. 180; *Roland* v. *Kreyenhagen,* 18 Cal. 455; *Musgrove* v. *Perkins,* 9 Cal. 211; and *Pilot Creek Canal Co.* v. *Chapman,* 11 Cal. 162.

By the Court, SHAFTER, J.:

Action upon a promissory note. Defense, part payment. The case was called for trial on the 18th of May, 1865, and the trial was proceeded with before the Court, a jury having

been waived. The defendant, in support of his defense of part payment, gave in evidence a receipt for one thousand and eighty dollars, purporting to have been executed by the plaintiff on his own behalf. The counsel for the plaintiff objected to the receipt as inadmissible on the ground that it had been altered, but the objection was overruled. It appears from the statement that the case having been argued and submitted, " the Court announced its decision in the evening, finding the facts set forth in the defendant's answer to be true, there being a preponderance of evidence in the defendant's favor, the plaintiff not being present but absent in Europe, the Court expressing grave doubts as to the correctness of its decision; and directed the attorney for the defendant to draw the findings in accordance with the answer. At the opening of the Court on the following morning the attorney of the defendant presented the findings in the case for the consideration of the Court, and for signing, when the plaintiff's attorney read and filed the following affidavit, due service of a copy of the same having been made on defendant's attorney:

" [Title of case.]

" L. B. Mizner being duly sworn, says that he is the attorney for the plaintiff in the above entitled action, and that since trial of said action he has discovered that the pretended receipt offered in evidence in said case, purporting to have been signed by said S. C. Hastings in favor of said D. N. Hastings for one thousand and eighty dollars, was in fact signed by said S. C. Hastings for Lloyd Tevis, and that the name ' Lloyd Tevis ' has been removed from said receipt without, as this deponent believes, the consent of said S. C. Hastings or Tevis, and that said fact or at least some word or words, or name has or have been removed from said receipt in fraud of and to the prejudice of said Hastings in this action, and that the same appears upon the face of said receipt; that this deponent had never seen said receipt until it was produced in the trial of this case yesterday, and that no copy of said receipt appears in the pleadings or was ever served upon the

deponent or the said plaintiff, to the best of deponent's information and belief; that deponent objected to the introduction of said receipt on the ground that the same had been altered.

"Whereupon deponent asks that this case be reserved for further consideration until the next regular term of the Court; that this application is not made for delay, but that justice may be done.

"L. B. MIZNER.

"Subscribed and sworn to before me, this 19th day of May, 1865.

"W. J. COSTIGAN, Deputy Clerk.

"And thereupon moved that the action be opened for further testimony and continued until the next regular term of Court. The defendant objected on the ground that it was 'irregular' and 'error in law' for the Court, having commenced the trial of the action, not to proceed to dispose of it at the same term. The motion was granted, the Court being satisfied, on inspection of the receipt mentioned in the affidavit of the plaintiff's attorney, that said receipt had been altered and mutilated after it had been delivered to the defendant. Defendant duly excepted.

"At the following September term the action was continued by stipulation, at the defendant's request, and being called on the 18th day of January, 1866, testimony in the said action was heard by the Court and judgment rendered for the plaintiff; it appearing and having been proved to the satisfaction of the Court, at the trial in January, 1866, that the said pretended receipt, mentioned in Mizner's affidavit, had been altered in fraud of plaintiff's right, by cutting the words 'Lloyd Tevis,' or some other words, from under the name of said S. Clinton Hastings, and that the sum of one thousand and eighty dollars, mentioned in said pretended receipt, had been paid upon the four thousand dollar note due to Tevis and S. C. Hastings from the defendant, and not upon the note of one thousand and fifty-seven dollars sued upon in this action."

13

*Continuance of cause during a trial.*

The only question presented is whether the Court had discretionary power to reopen and continue the case after having announced orally from the bench that it had found on the issue in favor of the defendants.

By the one hundred and eightieth section of the Practice Act, " upon the trial of an issue of fact by the Court, its decision shall be given in writing," etc. Not that it is now necessary to the validity of a judgment, in an action tried by the Court, that findings of fact and conclusions of law should be filed; that necessity is dispensed with by the Act of 1861. (Acts 1861, p. 589.) Still until the decision itself has been entered in the minutes, or reduced to writing by the Judge and signed by him and filed with the Clerk, the case has not been tried to a legal intent. This statute mode of deciding or evidencing the decision of cases is exclusive. The Judge then, in the case at bar, was not precluded by his verbal announcement from the bench, from giving the case further consideration either on his own motion, or on the suggestion of a party or of an *amicus curiæ.*

The judgment is affirmed.

SAWYER, J., concurring specially :

I concur in the judgment.