[No. 6,563.—In Bank.]

GEORGE HINDS *v.* D. W. GAGE ET AL.

APPEAL—FINAL JUDGMENT—DEFINITION.—The appeal from the judgment in this case, and from an order subsequent thereto, dismissed without prejudice, as prematurely taken.

NEW TRIAL—FINDINGS—TRIAL.—If a case be tried by the Court, and findings of fact be made and filed, and the case be then sent to a referee to take and state an account, the trial of the case is not complete until the filing of the referee's report, and the necessary steps for a new trial should not be taken until then. *Held,* accordingly, in such a case, that a notice of intention to move for a new trial, filed before the filing of the referee's report, was premature; and the appeal from the order denying a new trial dismissed.

APPEAL from a judgment for the plaintiff, and from an order affirming the report of a referee, and from an order denying a new trial, in the Seventeenth District Court, County of Los Angeles. The judgment by FAWCETT, J., and the orders by SEPULVEDA, J.

*Thom & Stephens,* for Respondent, on motion to dismiss appeal.

An appeal can be taken only from a final judgment (Code Civ. Proc. § 939, subd. 1); and the judgment appealed from was not final. (*Gray* v. *Palmer*, 9 Cal. 616; *Harris* v. *The S. F. S. R. Co.* 41 id. 407.)

The confirmation of the referee's report, and the order to enter judgment thereon, was not appealable until judgment was entered. (Id.; *Johnson* v. *Dopkins*, 6 Cal. 84.)

The notice of intention to move for new trial was premature. (*Crowther* v. *Rowlandson*, 27 Cal. 382; *Harris* v. *The S. F. S. R. Co.* cited *supra*.)

*H. T. Hazard, S. M. White*, and *H. T. Gage*, for Appellants.

The judgment was final within the meaning of §§ 577, 939, of the Code of Civil Procedure. (*Clark* v. *Dunnan*, 46 Cal. 208.)

The fact that the judgment provides for taking an account does not destroy its effect as a final adjudication of the rights of the parties. (*Neall* v. *Hill*, 16 Cal. 147; *Michond* v. *Girod*, 4 How. 503; *Forgay* v. *Conrad*, 6 id. 203.)

MYRICK, J.:

At the argument of this case, October 16th, 1880, the appeal from the judgment of the Court below, made and entered June 27th, 1878, and from the order of the Court below overruling defendants' objections to the report of the referee, and approving said report, made and entered November 25th, 1878, was dismissed without prejudice. Thereupon, the motion of respondents to dismiss the appeal from the order of the Court below denying the defendants' motion for a new trial, and the appeal from said order denying a new trial, were argued and submitted.

The plaintiff and the defendant D. W. Gage had been copartners in the business of sheep-raising and wool-growing, and the action was brought to dissolve the partnership, for an accounting as between the partners, for payment of the partnership debts and of any amount that might be found due to plaintiff, and to set aside certain alleged fraudulent judgments and sales thereunder. On the 20th of June, 1878, the Court below filed

its findings of fact, and on the 27th of the same month a decree was entered, setting aside the judgments and sales as to the plaintiff, dissolving the partnership, directing the property to be sold by the receiver (who had been theretofore appointed), and ordering a reference to a referee, therein named, to take an account between the partners, and to ascertain the indebtedness of the firm to third parties, and as between themselves. It was also ordered, that the referee report the result of the accounting, and that upon the coming in of the report and its approval, the proceeds of the partnership property be applied as stated in the decree. On the 5th day of July, 1878, defendants gave notice of their intention to move for a new trial, which motion was denied March 5th, 1879. The report of the referee was filed October 18th, 1878, and after hearing the objections thereto of the defendants, the Court affirmed the report. It thus appears, that the notice of motion for new trial was given before the report of the referee, and before the decision of the Court thereupon.

In *Crowther* v. *Rowlandson*, 27 Cal. 376, it was decided, that if a case be tried by the Court, and findings of the fact be made and filed, and the case be then sent to a referee to take and state an account, the necessary steps to apply for a new trial should not be taken until the final report of the referee is filed; that the trial of such a case is not complete until the filing of such report.

That authority is decisive of the case before us; the motion to dismiss must, therefore, be granted. So ordered.

SHARPSTEIN, J., McKINSTRY J., and McKEE, J., concurred.

[Mr. Justice ROSS, being disqualified, took no part in the decision of this cause.]