[No. 12901.    In Bank. — January 12, 1889.]

LEONORA A. JAMES, PETITIONER, *v.* SUPERIOR COURT OF SANTA CRUZ COUNTY, RESPONDENT.

ADVISORY VERDICT— MOTION FOR NEW TRIAL — SETTLEMENT OF STATEMENT — MANDAMUS. — The verdict of the jury in a probate proceeding, under chapter 3, article 5, of the Code of Civil Procedure, in which special issues are submitted to the jury by the court of its own motion, is not the verdict of the jury, in an action tried by jury, within the meaning of section 659 of the Code of Civil Procedure, but is merely advisory to the judge, and of no force until adopted by him. A motion for new trial made before a decision by the court in such proceeding is premature, and *mandamus* will not lie to compel the settlement of the statement on such motion.

APPLICATION for a writ of mandate. The facts are stated in the opinion of the court.

*Z. W. Goldsby*, and *H. Skirm*, for Petitioner.

*J. M. Lesser*, for Respondent.

SHARPSTEIN, J. — Application for a writ of mandate to compel the respondent to settle a statement on motion for new trial in a probate proceeding.

It does not appear from the petition for the writ that the action was tried by a jury, nor is there a decision by the court. The proceeding, so far as any appears to have been had, was under chapter iii., article v., of the Code of Civil Procedure. By the allegations of the parties, certain issues of fact were raised, and the court, of its own motion, submitted two of them to a jury, which was impaneled for that purpose, and the jury found upon these issues, and was discharged. The court took no further action in the matter, and the case has not been decided.

The verdict of the jury in this proceeding is not the verdict of the jury in an action tried by a jury, within the meaning of section 659 of the Code of Civil Procedure, but was merely advisory to the judge, and of no force or effect until adopted by him.

In that state of the case, we think the notice of intention to move for a new trial and the presentation of the statement for settlement were premature.

Application denied.

BEATTY, C. J., McFARLAND, J., WORKS, J., THORNTON, J., and PATERSON, J., concurred.