[No. 13041. In Bank. — September 4, 1889.]

JAMES A. BELL, RESPONDENT, *v.* SEREN A. MARSH, APPELLANT.

| 80 | 411 |
| 131 | 574 |
| 80 | 411 |
| 146 | 420 |

EQUITY CASE — SPECIAL VERDICT — NEW TRIAL — TIME FOR SERVICE OF NOTICE — EQUITABLE DEFENSE. — In an equity case, the verdict of a jury upon special issues is merely advisory to the court, and the time within which notice of intention to move for a new trial must be served does not begin to run until the court has adopted or rejected the findings of the jury. This rule applies to the trial by jury of an equitable defense to an action at law, upon which special issues are submitted to the jury, if the case is treated by the court and by the parties in all respects as an action in equity, whether properly or improperly.

ID. — COMPLETION OF TRIAL — NEW TRIAL — CONSTRUCTION OF CODE. —
Section 659 of the Code of Civil Procedure must be construed together
with section 656 of the Code of Civil Procedure; and no proceedings for
a new trial can be had until after the trial is completed, and a final de-
cision is reached by the court or jury. The action is not tried until all
the issues have been disposed of; and a special verdict of a jury in an
equity case does not render the action "tried by a jury" within the
purview of section 659 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of Santa
Barbara County granting a new trial.

The facts are stated in the opinion of the court.

*Thomas McNulta,* for Appellant.

This is not an equity case, and the verdict was con-
clusive, and motion for a new trial should be made within
the statutory time after the special verdict. (Code Civ.
Proc., sec. 659; *Duff* v. *Fisher,* 15 Cal. 379, 380; *Allen* v.
*Hill,* 16 Cal. 113.) The character of an action as legal
or equitable is not changed by the nature of the defense.
(*Hancock* v. *Plummer,* 66 Cal. 338.) The plaintiff had a
right to trial of the legal issues by jury (Code Civ. Proc.,
sec. 592), and the verdict could not be advisory as to
those issues. The legal issue found in favor of defend-
ant determined the whole case, and entitled defendant to
judgment. (Code Civ. Proc., sec. 664; *Martin* v. *Zeller-
bach,* 38 Cal. 300; 99 Am. Dec. 189.)

*Hall & Taggart,* and *R. B. Canfield,* for Respondent.

The case had not been "tried until all the issues
were disposed of, and there was no verdict to be made
the subject of a motion for a new trial until the court
had passed upon the findings of the jury as to the equi-
table defenses presented. (*Crowther* v. *Rowlandson,* 27
Cal. 385; *Hinds* v. *Gage,* 56 Cal. 486; *Kiel* v. *Reay,* 50
Cal. 62; Hayne on New Trial and Appeal, sec. 18, subd.
1.) Sections 656 and 659 of the Code of Civil Procedure
must be read together. The proceedings for a new trial
are not to be taken until after the trial, which means
after the disposition of all the issues tendered by the

pleadings.    To hold otherwise would involve the conclu-
sion that there might be several motions for a new trial
by the same party, some prosecuted before and some
after the final decision of the case.    When equitable de-
fenses are pleaded, the case is as to them an equity case.
(*Weber* v. *Marshall*, 19 Cal. 457; *Lestrade* v. *Barth*, 19 Cal.
671; *Martin* v. *Zellerbach*, 38 Cal. 319; 99 Am. Dec. 189;
*Basey* v. *Gallaher*, 20 Wall. 670; *Quinby* v. *Coulan*, 104
U. S. 420.)    As to the equitable issues, the verdict of the
jury was only advisory to the court, and there was no
decision upon these issues until they were passed upon
by the court.    (Hayne on New Trial and Appeal, sec. 18;
*Still* v. *Saunders*, 8 Cal. 286; *Bates* v. *Gage*, 49 Cal. 126;
*Warring* v. *Freear*, 64 Cal. 54.)

PATERSON, J.—This is an appeal from an order grant-
ing the plaintiff a new trial.

The action was upon a promissory note.    The answer
denied that the sum named in the complaint, or any
other sum, was due or unpaid on the note, and for a
second defense, and by way of counterclaim, averred
that defendant was induced to execute and deliver the
note by certain false and fraudulent representations.
Defendant asked for affirmative relief.    The case was
tried before a jury upon special issues framed and sub-
mitted by the court, and the verdict was rendered and
filed on the seventh day of May, 1887.

All of the issues raised by the pleadings were submit-
ted to the jury.

The plaintiff objected to the entry of the verdict or
its adoption by the court, upon the ground that in cer-
tain specified particulars the findings were not justified
by the evidence.    The court took and held the matter
under advisement until the first day of February, 1888,
and then adopted the findings of the jury as the findings
of the court, and entered judgment thereon that the
plaintiff take nothing, and that the defendant recover

his costs. Afterward, on the tenth day of February, 1888, the plaintiff filed and served notice of his intention to move for a new trial, and on this notice, and a statement of the case subsequently filed, the new trial was granted.

The only question presented here for decision is, Was the notice of intention to move for a new trial filed and served within proper time?

Section 656 of the Code of Civil Procedure provides that " a new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury or court, or by referees"; and section 659 of the Code of Civil Procedure provides that " the party intending to move for a new trial must, within ten days after the verdict of the jury, if the action were tried by a jury, or after notice of the decision of the court or referee, if the action were tried without a jury, file with the clerk and serve upon the adverse party a notice of his intention," etc.

These two sections of the code must be read together. No proceedings for a new trial can be had until *"after the trial* and decision by a jury or court."  In equity cases the findings of the jury are merely advisory.  A case has not been *tried* until all the issues have been disposed of, and there has been no *decision* until the court has passed upon the facts, and drawn its conclusions of law therefrom.  And so it has been held that in equity cases the time to give the notice does not begin to run until the court has either adopted or rejected the findings of the jury. (*Bates* v. *Gage,* 49 Cal. 126; *Warring* v. *Freear,* 64 Cal. 54.)  The case at bar was treated by the court and by the parties in all respects as an action in equity; whether properly or improperly so treated it is unnecessary now to inquire.  To hold that the time to give the notice of intention begins to run from the rendition of the special verdict would necessarily put each party to the trouble, in the protection of his rights, of preparing and prosecuting motions for a new trial be-

fore either party knows what the decision of the court is to be.

Order affirmed.

WORKS, J., THORNTON, J., McFARLAND, J., and FOX, J., concurred.