[S. F. No. 2661.   Department One.—June 12, 1903.]

In the Matter of THOMAS SULLIVAN, an Insolvent Debtor. THOMAS SULLIVAN, Petitioner, Respondent, v. WASHBURN & MOEN MANUFACTURING COMPANY, Opposing Creditor, Appellant.

INSOLVENCY—OPPOSITION TO DISCHARGE—TRIAL—DECISION—MINUTE ENTRY—FINDINGS—TIME FOR APPEAL.—Under the Insolvency Act of 1895, requiring the court to "try the issue or issues raised in opposition to the discharge of an insolvent debtor, either with or without a jury, according to the practice provided by law in civil actions," the mere entry of a minute order granting an application for discharge cannot be considered as concluding the trial, where the court subsequently made formal findings upon the issues, in accordance with section 632 of the Code of Civil Procedure, and entered thereupon a final judgment of discharge. An appeal taken by the opposing creditor within sixty days after the filing of such findings is in time, notwithstanding the unexplained lapse of one year between the minute order and the filing of the findings.

ID.—NEW TRIAL—APPEAL FROM ORDER.—The Insolvency Law contemplates that a motion for a new trial may be made of issues joined in an insolvency case, which require trial, as in any civil case, and an appeal may be taken from an order denying such motion.

ID.—RIGHT OF DISCHARGE DEFEATED—FAILURE TO KEEP PROPER BOOKS —GOOD FAITH IMMATERIAL.—Where the insolvent debtor kept only such books as showed him to be solvent, and omitted to keep proper accounts of debts owing by him which rendered him insolvent, his right to a discharge is defeated thereby; and the fact that the wrongful method of keeping the books was followed in good faith, and without intention to defraud, and that no creditor was deceived thereby, is no excuse for the insolvent debtor, and cannot justify his discharge.

ID.—BILL OF EXCEPTIONS—SETTLEMENT—INSUFFICIENCY OF EVIDENCE— OMITTED EVIDENCE — PRESUMPTION — OBJECTION DISREGARDED.— Where the bill of exceptions was settled as true, full, and correct, and the respondent's attorneys stipulated that it was full, true, and correct, and the evidence concerning the books kept by the insolvent

CXXXIX. Cal.—17

was full and complete, and evidence not contained in the bill, which was admitted under a general stipulation, was given upon other issues, it will be presumed that the performance of the duty of the court and of the parties to exclude all irrelevant and useless matter caused the omission; and the insufficiency of the evidence to justify the decision upon the question of the books of account will be considered, and an objection thereto on account of the omitted evidence will be disregarded.

APPEAL from an order granting a discharge to an insolvent debtor and from an order denying a new trial to an opposing creditor.  J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

F. W. Hall, for Appellant.

Knight & Heggerty, and Charles J. Heggerty, for Respondent.

SHAW, J.—The Washburn & Moen Manufacturing Company, a creditor of Thomas Sullivan, an insolvent debtor, appeals from an order of the superior court granting a discharge to the insolvent and from an order denying the creditor's motion for a new trial of the opposition to the discharge.  The respondent moved the court to dismiss both appeals.

The motion to dismiss the appeal from the order granting the discharge is put upon the ground that the appeal was not taken within sixty days after the order was entered in the minutes of the court.  It appears from the record that, upon the filing of the insolvent's petition for his discharge, the appellant filed written specifications of the grounds of his opposition thereto, to which the debtor filed his answer.  Upon the issues thus raised a trial was had, evidence heard, and the cause submitted to the court for decision.  Thereupon, on January 13, 1899, the court announced its decision in the matter, and caused a minute order to be entered as follows: "It is ordered by the court that the application for final discharge be and the same is hereby granted."  Thereafter, for some reason not explained in the record, there was a delay of nearly a year, and on January 5, 1900, the court

made and filed its findings and decision upon the issues raised by the opposition and the answer thereto, and on the same day made and entered a formal order and certificate of discharge, as required by section 55 of the Insolvency Act. With respect to the trial to be had in proceedings of this nature, the statute provides that "The court shall try the issue or issues raised, with or without a jury, according to the practice provided by law in civil actions." (Insolvency Act, 1895, sec. 54; Stats. 1895, p. 149.) It is well understood with respect to the practice in civil actions, that the trial of a cause is not concluded until the verdict is returned, where the case is tried by a jury, or until the decision— generally denominated findings—is filed, as provided in section 632 of the Code of Civil Procedure. A trial, therefore, according to the practice provided by law in civil actions, would require that the court, after hearing the evidence and the arguments, should file its decision in writing the same as in any other civil case. It is customary in any case where the court announces its decision to enter a brief minute order to that effect, but this is not ordinarily the decision from which an appeal is to be taken, and certainly it cannot be so considered where the court, after having made such an entry, proceeds to file formal findings of fact and conclusions of law, and thereupon enters judgment. The appeal was taken on March 5, 1900, which was within sixty days after the entry of final order of discharge. We are therefore of the opinion that it was within the time required by law, and that the motion to dismiss should be denied.

We have discussed this question upon the theory that an appeal must be taken from an order granting or refusing to grant the application of an insolvent for a final discharge within sixty days from the entry of the order. We do not wish to be considered as deciding that this is correct. Subdivision 3 of section 939 of the Code of Civil Procedure provides that an appeal from certain orders therein described shall be taken within sixty days after the order is entered, and from this the respondent argues that the present appeal should have been taken within sixty days from the time the order in question was entered. There is, however, no description of an order in that subdivision which would include an order granting a discharge. Whether or not such an order is

to be considered an order from which an appeal must be taken within sixty days, or is to be considered as a final judgment from which an appeal must be taken within six months, is a question not involved in this case, and which we do not decide.

The motion to dismiss the appeal from the .order denying a new trial is based on the proposition that in proceedings in insolvency relating to applications for discharge there can be no such thing as a new trial, and, consequently, that the proceedings for a new trial were wholly nugatory. We do not consider the point well taken. We think the Insolvency Law clearly implies that a motion for a new trial is proper in an insolvency proceeding where issues have been formed which require a trial as in an ordinary civil case. Section 54, above quoted, provides that the trial of proceedings for discharge shall be according to the practice provided in civil actions. A similar provision is contained in section 12 of the act with respect to the trial of the issue of insolvency upon a creditor's petition in involuntary insolvency, and in section 71 it is provided that an appeal may be taken to the supreme court from an order granting or overruling a motion for a new trial. It is clear that the statute contemplates that motions for new trial may be made and granted, and, although there is no express provision for such a proceeding, we think it is necessarily implied from the provisions we have mentioned. It follows, therefore, that the appeal from the order denying a new trial should not be dismissed.

The grounds upon which the appellant founded his opposition to the petition for discharge were,—1. That the insolvent being a merchant, did not keep proper books of account; and 2. That within one month prior to the commencement of the proceedings he transferred all of his property to his mother for the purpose of preferring her as a creditor, and for the purpose of preventing his property from being distributed to his creditors under the Insolvent Act.

With reference to the books of account, it appears from the evidence that the insolvent owed thirty thousand dollars to his mother, Elizabeth R. Sullivan, upon a promissory note executed in the first instance about the time he began business in 1890, and renewed on May 15, 1896; that he also owed her, for moneys advanced, over nineteen thousand dollars

in addition to the note; and also that he owed Julia Fratinger, his aunt, some nine thousand dollars, and two claims, amounting to about three hundred dollars, to Levi Strauss & Co. and O'Brien & Spotorno, respectively, and that none of these debts were entered in his books. The other debts owing by him amounted to about eight thousand dollars, and properly appeared in the books. If there had been no debts except those regularly entered in the books he would have been solvent.

It is claimed that an account was kept of the thirty thousand dollars. The only memorandum which had any reference thereto was a certain book containing blank notes with stubs attached thereto, which was kept for the convenience of the insolvent and his customers on occasions when, either with reference to the business or for their own private use, notes would be called for. On one of these stubs appears this memoranda: "$30,000, August 23, 1890; drawn by T.; due; demand; No. 1." It is very clear that no person by the inspection of these ambiguous figures in the stub of a note-book could understand that any one held a claim against the insolvent for the amount stated, or for any amount. The memorandum comes far from the "proper books of account" which the statute requires should be kept by a merchant.

With regard to the account of nineteen thousand dollars for money advanced by Elizabeth R. Sullivan, it appears that a book was kept in the store of the insolvent, marked "E. R. S.," in which was contained entries of moneys received and paid out by him as agent for his mother. This book contained no other entries, and did truly show the state of the account between himself and his mother, but it contained nothing whatever to show that the money received by him for his mother was used by him in the business he was carrying on in the store. It was not treated or considered as one of the books pertaining to the business. The other items which, it is claimed, were not entered in the books have no entry relating to them whatever, except that the bookkeeper says that they were shown in the cash account. This cash account he says also included the cash received by the insolvent from the moneys collected by him as agent for his mother. It appears from the testimony that although there was in the cash-book an item of cash received or cash on hand (and the evidence

is uncertain as to which it is) which would include these
several items of cash, yet there was nothing in the cash account
or elsewhere from which it could be ascertained to whom
these particular items of cash were owing, or that they were
due to any person. The bookkeeper, who was a witness, testi-
fied that the amount owing appears in the cash account in red
ink, and includes every item that the insolvent owed in his
business, except the thirty-thousand-dollar note, and that it
appears as an amount due by Mr. Sullivan in the trial bal-
ances, although it is not mentioned in either place as an amount
due to any person. It is difficult to understand what the
witness means by his testimony, but, at all events, it is clear
that this is not a proper way to keep books, and therefore
within the inhibition of the statute.

The court finds that the insolvent did keep proper books
of account, and, further, that none of his creditors ever in-
spected or asked to inspect his books or were in any respect
deceived by the manner in which he kept his books, and that
the insolvent was at all times ready to make true exhibit of
all the matters connected with the business if he had been
solicited so to do. It is claimed by the respondent that these
further findings constitute an answer to the charge that he did
not keep proper books of account. The fact that the wrongful
method of keeping books was followed in good faith and with-
out intention to defraud, or that no creditor was deceived
thereby, or that credit was not obtained by any false appear-
ance caused by the failure to enter items in the books, is, how-
ever, no excuse for the insolvent, and does not give him the
right to a discharge. This was held in the case of *In re Good,*
78 Cal. 399. The court says with respect to the good faith of the
insolvent partners, which was involved in that case: "This
might be material if it were proposed to inflict a positive
punishment on them. But no crime is charged against them.
They were simply offered a valuable privilege upon certain
conditions; and they have not complied with the conditions.
. . . We do not think that a set of books which says that the
firm was in good condition, when in fact it was utterly insol-
vent, can be held to be 'proper' in any view."

With respect to the transfer to his mother, the evidence is
of somewhat doubtful character. Although, no doubt, the
effect of the transfer would have been to prefer his mother as

a creditor, and to prevent his property from being distributed among his creditors in general, yet there is some evidence tending to show that she really took it as a trustee for his creditors; and, in view of the conclusions we have reached upon the other branch of the case, we do not consider it necessary to determine whether the finding of the court on this point was sustained by the evidence or not.

The defendant objects to the consideration of the suffi- ciency of the evidence at all, upon the ground that it appears in the bill of exceptions that certain evidence, which had been given upon the hearing of a contest as to the validity of the claims of the mother and aunt against the insolvent, was by stipulation considered as evidence in the trial of this pro- ceeding for discharge, and that it is not set out in the bill. The notice of intention to move for a new trial stated, as one of the grounds upon which the motion would be made, that the evidence was insufficient to justify the decision. One of the specifications of the particulars of this insufficiency con- tained in the bill of exceptions was, that the evidence was not sufficient to justify the finding that the insolvent did keep proper books of account. Upon this notice and specification the bill was settled by the judge as full, true, and correct, and at the same time the attorneys for the respondent stipulated that the bill, as settled, is full, true, and correct. It appears from the bill itself that the evidence concerning the books kept by the insolvent was full and complete. The insolvent and his bookkeeper were witnesses. Their testimony is fully reported, and there is no hint that any books were kept except those fully described in their testimony. It is evident that the bill contains all the evidence upon which the insolvent relied to show that he kept proper books. The evidence not in the bill, and which was admitted under the general stipu- lation, was given upon other issues, and there is nothing indi- cating that it was pertinent or relevant to this question. From the nature and completeness of the evidence which is set out, we do not perceive how the matters omitted could qualify or contradict that which is given concerning the books or the claims. It is the duty both of the court and of the parties to exclude from the bill all irrelevant and useless matter, and it is to be presumed that the performance of this

duty caused the omission. Under these circumstances we feel justified in disregarding the objection.

The motions to dismiss the appeals are denied.

The judgment and order are reversed, and the cause remanded for a new trial.

Angellotti, J., and Van Dyke, J., concurred.