[Civ. No. 1528.   Third Appellate District.—May 6, 1916.]

THE SAN JOAQUIN AND KINGS RIVER CANAL AND IRRIGATION COMPANY, Respondent, v. JAMES J. STEVINSON (a Corporation), et al., Appellants.

EMINENT DOMAIN—ACTION TO CONDEMN EASEMENT—MOTION FOR NEW TRIAL—TIME FOR SERVING AND FILING NOTICE OF INTENTION.—In an action for the condemnation of an easement, where the issues of public use and public necessity are first heard and determined by the court, and the issue of damage is thereafter determined by a jury, the time to serve and file a notice of intention to move for a new trial runs from the time of entry of the findings and judgment, and not from the date of the verdict.

ID.—SPECIAL ISSUES—TRIAL BY JURY—MOTION FOR NEW TRIAL—TIME FOR SERVING AND FILING NOTICE OF INTENTION.—The time for serving and filing a notice of intention to move for a new trial begins to run when the verdict is rendered, where all the issues in the case are tried by a jury, but where some special issue, not determinative of the case, has been tried by a jury, the time does not begin to run upon the rendition of the verdict upon such special issue, but from the entry of the judgment.

ID.—TRIAL BY JURY—CONSTRUCTION OF SECTION 659, CODE OF CIVIL PROCEDURE.—The determination by a jury of some single isolated issue of fact in a case is not "the trial by jury" referred to in section 659 of the Code of Civil Procedure, where there remain other issues undisposed of.

ID.—AMENDMENT OF 1915—MEANING OF TRIAL.—In changing the phraseology of section 659 of the Code of Civil Procedure in the amendment of 1915, the legislature did not intend that the word "trial" used in the section should mean anything different from the words "the action was tried" found in former statutes. When the legislature used the word "trial," it must have intended to refer to the action being tried, and not alone to some one or more issues of fact to be submitted to the jury not decisive of the case.

ID.—TRIAL—WHAT CONSTITUTES.—In order to constitute a trial, all the issues raised by the pleadings must be actually or ostensibly disposed of, and there must be such proceedings, after joinder of issue upon the facts, as are so far determinative of the issues that final judgment is the appropriate judicial conclusion thereof.

ID.—DETERMINATION OF QUESTION OF USE AND NECESSITY—ISSUES OF FACT—DETERMINATION BY COURT.—In condemnation cases, the questions of use and necessity are exclusively for the court to determine, and these are issues of fact, though withheld from the jury, which must be determined by the court before final judgment of condemnation can be entered, and until found upon by the court there is no "trial" of the action as contemplated by section 659 of the Code of Civil Procedure.

ID.—ORAL OPINION OF JUDGE NOT EQUIVALENT TO FINDINGS.—Although the judge, in such a case, announced orally from the bench his conclusion as to the questions of use and necessity, this was in no legal sense equivalent to findings which the law requires him to make in writing and file with the clerk within thirty days after the cause is submitted for decision.

APPEAL from an order of the Superior Court of Merced County granting a new trial. E. N. Rector, Judge.

The facts are stated in the opinion of the court.

James F. Peck, Walter Shelton, and David L. Levy, for Appellants.

Edward F. Treadwell, and Frank H. Short, for Respondent.

CHIPMAN, P. J.—The action was commenced to condemn an easement in the land of defendants. In the trial of the case the evidence as to the issues properly triable by the court, to wit: The issue of public use and the issue of public necessity, were first heard by the court and the court orally announced its conclusion in favor of plaintiff, and thereupon the jury was impaneled and heard the evidence upon the issue of damages and a verdict was returned thereon on November 18, 1915, as follows: ''We the jury in the above entitled action hereby ascertain and assess the damages to the 2407.27 acres of swamp and overflowed land described in the complaint at the sum of $425,000.00. A. E. Owen, Foreman. (Indorsed): Filed this 18th day of November, A. D. 1915. P. J. Thornton, Clerk. Entered November 18, 1915. P. J. Thornton, County Clerk.''

On November 29, 1915, the trial judge made and filed findings of fact and conclusions of law and on the same day entered judgment, of which notice was duly given to defendant, December 2, 1915. The judgment recites the fact that a jury had been ''duly impaneled to try the issue as to damages, and said matter having been duly tried, and the jury having duly rendered its verdict in the words and figures as follows, to wit: [copy of verdict]· . . . Now, therefore, by reason of the law and the findings, verdict and stipulation aforesaid, it is by the court ordered, adjudged and decreed,'' etc. No judgment on the verdict other than as above shown was entered.

Notice of intention by plaintiff to move for a new trial as to the issue of fact found by the jury was served on December 3, 1915, and filed December 4, 1915. The motion came on to be heard December 22, 1915, and was objected to by defendant on the ground that no notice of intention to move for a new trial was served or filed ''within the time provided by law, to wit: within ten days after the date of the verdict of the jury in the above entitled case.'' The objections were overruled, the motion to dismiss the motion for a new trial was denied, and the motion for a new trial was granted.

The question is, Did the time for giving notice of intention to move for a new trial begin to run at the date of the verdict, November 1, 1915, or upon entry of findings and judgment, on November 29, 1915?

The question involves the construction to be given to section 659 of the Code of Civil Procedure, which reads: "The party intending to move for a new trial must, within ten days after receiving notice of the entry of the judgment, or within ten days after verdict, if the trial was by jury, file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial." It is contended by appellant that this section of the code, as it read when the order was made, and as it now reads (amendment of 1915), differs materially from former statutes under which the decisions, relied upon by respondent, were given. By the amendment of 1874 the section read as follows: "The party intending to move for a new trial must, within ten days after the verdict of the jury, if the action were tried by a jury, or after notice of the decision of the court or referee, if the action were tried without a jury, file with the clerk and serve upon the adverse party a notice of his intention," etc. (Code Amendments, 1873–74, p. 315.) In 1907 the section was made to read as follows: "The party intending to move for a new trial must, within ten days after receiving notice of the entry of the judgment, file with the clerk and serve upon the adverse party a notice of his intention, designating the grounds," etc., thus substituting "receiving notice of the entry of the judgment" for "the verdict of the jury, if the action were tried by a jury, or after notice of the decision of the court or referee, if the action were tried without a jury." (Stats. 1907, p. 717.) The amendment of 1915 makes the action read substantially the same as it read in 1874, except the language now is— "within ten days after verdict, if the *trial* was by jury" instead of "within ten days after the verdict of the jury, if the *action was tried* by a jury," as in 1874. Section 195 of the Practice Act read as follows: "The party intending to move for a new trial shall give notice of the same as follows: When the action has been tried by a jury, within five days after the rendition of the verdict; and when tried by a commissioner, referee, or by the court, within ten days after receiving written notice of the filing of the findings of the commissioner, referee, or court,

when written findings are filed by the court, or of the rendering of the decision when no findings are filed; . . . "

By the amendment of 1874 the phraseology of the Practice Act—"if the action were tried by a jury"—was retained, and the only substantial difference made was to extend the time to ten days within which to file and serve the notice of intention and to make the time applicable alike to the trial by jury, referee, and the court. In the act of 1907 all reference in previous statutes to the trial by jury, referee, commissioner and the court was eliminated, and the time when the notice was to be given began with "notice of the entry of the judgment." The amendment of 1915 goes back to the form of expression found in the Practice Act and in the act of 1874, except in the particular already pointed out.

It seems to us that the legislature did not mean by this change in phraseology to introduce a new or different procedure from that pursued under the form of expression used in the Practice Act or in the statute of 1874. *Flateau* v. *Lubeck*, 24 Cal. 364, was a case where it appeared that "the action was tried by a jury," and it was held that the statute required notice "within five days after rendition of the verdict where the action has been tried by a jury," and as no notice was given the statement could not be considered. *People ex rel. Allen* v. *Hill*, 16 Cal. 113, was an action in *quo warranto* to determine the right to vote certain shares of a corporation. Certain questions were submitted to a jury which we infer from the report of the case involved all the material issues that were raised in the action. The jury rendered their verdict on January 14, 1860. The cause "was held open" until January 16th, and on that day the attorney for the people presented and filed a motion for judgment and to set aside the special findings of the jury. This motion was argued on January 19th, and on January 20th, judgment was rendered for defendant. The record did not contain any service of notice of this motion. After judgment, and on January 21, 1860, relator filed and served a motion for a new trial, on the grounds that the special verdict and the judgment were contrary to law and the evidence, etc. Motion denied and relator appealed. Said the court: "The notice of motion for a new trial was not given in time and the proceedings based upon such notice must, therefore, be discharged. The trial terminated with the rendition of the verdict and the notice

should have been given within two days thereafter. (At that time the statute so provided.) It is urged that as the verdict was special, it was necessary to invoke the action of the court before a judgment could be entered upon it and that, therefore, the trial itself did not in contemplation of law terminate until the judgment was rendered. We cannot assent to this view. The facts were settled by the verdict, and it only remained for the court to pronounce the conclusion of the law upon the facts found. If the court erred in this respect the error is a proper subject for review, and a motion for a new trial was unnecessary. If the verdict was not satisfactory, the right to correct it did not depend upon the judgment, and the steps for that purpose should have been taken within the time limited by the statute.''

The only issues of fact involved in the case were those submitted to and found upon by the jury. Nothing remained to be done but enter judgment. The trial was completed upon the coming in of the verdict.

In *Peabody* v. *Phelps,* 9 Cal. 213, the action was to recover the price paid for certain land as to which the seller was alleged to have made false and fraudulent representations. The cause was referred to a referee ''to find the facts and report a judgment.'' On March 8, 1856, the referee reported a judgment for plaintiff for the amount claimed and judgment was entered on that day, which was in vacation. On appeal the judgment was reversed because rendered in vacation. At the following term, on filing the *remittitur,* the report of the referee was confirmed and, on March 28, 1857, judgment was entered for plaintiff. Counsel for defendant obtained an order from the court directing the referee to certify the evidence taken before him, which, being reported, a statement was prepared and notice given to set aside the report. It was contended that the reversal of the judgment originally entered could not operate to reopen the case beyond the error indicated by the reversal; that the right of appellant to a statement of the evidence, etc., had previously been lost, and that such right was not dependent on the time of the entry of judgment, but on the trial. It was hence urged that the time within which a motion for a new trial could be made began to run from the filing of the report of the referee when first filed (March 8, 1856), and not from March 28, 1857, after the reversal of the judgment. It was

held that the right of appellant to make his motion and prepare his statement, dated from the entry of the judgment on the twenty-eighth day of March, 1857, and not from the filing of the report or the trial before the referee. "The judgment previously entered by the clerk in vacation, reversed on appeal, was a nullity," said the court, "and could not affect the appellant's right to move for the rendition of judgment by the court." The court points out that the time within which a notice of a motion must be filed to set aside the report of a referee, and a statement be prepared for that purpose, will depend upon the character of the reference; whether it be special, to report facts, or general, to report upon the whole issue. "Upon facts found, whether by report of the referee or special verdict of a jury, the direct action of the court must be invoked before judgment can be entered. Though the *trial*, in such cases has ended, judgment does not follow immediately as a matter of course; and the time within which the notice of motion to set aside the report or verdict must be given should be the same in the two cases, and date from the filing of the report or the rendition of the verdict."

If we rightly understand these cases, they hold that where the action is tried by a jury—and by action is meant all the issues in the case—the time for serving and filing notice of intention begins to run when the verdict is rendered. But we find no cases under the earlier statute holding that where some special issue, not determinative of the case, has been tried by a jury, the time within which to serve and file notice of intention begins to run upon the rendition of the verdict upon such special issue. The reason for the running of the time upon the rendition of the verdict is found in what was said in *People ex rel. Allen* v. *Hill,* 16 Cal. 113, namely: "The trial terminated with the rendition of the verdict; . . . it only remained for the court to pronounce the conclusion of the law upon the facts found." Obviously this could not be the case where issues remained to be determined by the court. It was so held in *Bates* v. *Gage,* 49 Cal. 126, which was a case in equity, and it is the settled rule in that class of cases that where special issues are submitted to a jury their findings are merely advisory, and the trial is not terminated when the jury render a verdict, but where the court renders judgment.

*James* v. *Superior Court,* 78 Cal. 107, [20 Pac. 241], was a proceeding for revocation of letters of administration. The

trial judge submitted certain issues to a jury which were found upon, but the court took no further action in the matter and the case had not been decided. An application for a writ of mandate to compel the court to settle a statement on motion for a new trial was denied, the supreme court holding that the verdict of the jury was not a verdict "in an action tried by a jury within the meaning of section 659 of the Code of Civil Procedure, but was merely advisory to the judge and of no force or effect until adopted by him." The motion was held premature.

*Reclamation District No. 556* v. *Thisby*, 131 Cal. 572, [63 Pac. 918], was a condemnation case. Two actions were tried together and disposed of upon a single record. "Certain issues were submitted to a jury and its verdict thereon adopted by the court and additional findings were made upon other issues. Upon these findings the court rendered judgment in favor of the plaintiff and afterward denied the defendant's motions for a new trial. From these orders defendants have appealed." Respondent contended that the court was without jurisdiction to entertain the motion for a new trial, "inasmuch as no proper notice of intention to make such motion had been given." The notice of intention was served and filed within ten days after the jury had given their answers to the special issues submitted to them, and it was held that the notice was premature since the decision of the court was not made until six months later. The court said:

"Although certain special issues were submitted to a jury, these issues formed only a portion of the controversy between the parties to the actions, and the remaining issues were tried by the court and findings of fact made by it thereon, upon which, together with the answers of the jury to the questions submitted to them, the court rendered its judgment in favor of the plaintiff. The 'actions' were therefore tried by the court, and under section 659 of the Code of Civil Procedure until the court had rendered its decision, it was not competent for either party to give notice of its intention to move for a new trial. The notices of intention to move for a new trial were given and filed November 1, 1897, while the decision by the court was not made until April 21, 1898. These notices were within ten days after the jury had given their answers to the special issues submitted to them, but as the 'actions' were not tried by a jury, the notices were prema-

ture and gave to the court no power to act upon the motions which should thereafter be made under the notices. (*Bates* v. *Gage,* 49 Cal. 126; *Bell* v. *Marsh,* 80 Cal. 411, [22 Pac. 170].) No judgment could have been rendered in the case at the time the jury rendered its verdict, and the trial of the action was not concluded until the court had rendered its 'decision' upon all of the issues submitted to it. 'A case has not been tried until all the issues have been disposed of and there has been no decision until the court has passed upon the facts and drawn its conclusions of law therefrom.' (*Bell* v. *Marsh,* 80 Cal. 411, [22 Pac. 170] ; *Crim* v. *Kessing,* 89 Cal. 478, [23 Am. St. Rep. 491, 26 Pac. 1074] ; *Broder* v. *Conklin,* 98 Cal. 360, [33 Pac. 211].) The rule of procedure for causes tried by the court is the same whether they are cases in equity or actions at law. (*Hastings* v. *Hastings,* 31 Cal. 95.)''

In the somewhat similar case of *Fountain Water Co.* v. *Dougherty,* 134 Cal. 376, [66 Pac. 316], the same rule was applied in a condemnation case.

*Beaulieu Vineyard* v. *Superior Court,* 6 Cal. App. 242 [91 Pac. 1015], was prohibition to restrain the court from enforcing an order authorizing plaintiff to take possession and use certain lands which had been condemned in an action brought by the San Francisco, Vallejo & Napa Valley Railroad against petitioners. Issues in the case relating to the damages for the taking were submitted to a jury and their answers were returned. The court reserved to itself the question of necessity for the taking, and did not pass upon that issue until after the verdict was rendered. It was said in the opinion that the more orderly procedure would be for the court to find upon the question of necessity before the issue of compensation is submitted to the jury. "But," said the court, "if the jury have sufficient information as to the proposed action of the court to act intelligently upon the question of compensation and without prejudice to the substantial rights of the defendant, the reservation by the court of the decision of the question of necessity until after the verdict is rendered is not even erroneous, much less in excess of jurisdiction." (Citing *City of Los Angeles* v. *Pomeroy,* 124 Cal. 597, [57 Pac. 585].)

Appellant places great stress upon the language of section 659—"if the *trial* was by jury," claiming that the term "trial" means the determination by the jury of any issue of

fact. That is, whenever, in an action or special .proceeding, an issue of fact is submitted to and found upon by a jury their verdict on that issue is a trial by jury as contemplated by the statute, and if the losing party desires to have the verdict reviewed by a new trial he must serve and file his notice of intention "within ten days after the verdict," regardless of the termination of the trial or the action of the court on issues not submitted to the jury and remaining undisposed of. Section 656 of the Code of Civil Procedure, is cited as supporting this contention. It reads: "A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee." We do not understand this section as defining what is meant by a trial. We do not think that the determination by a jury of some single, isolated issue of fact in a case is "the trial by jury" referred to in section 659, where there remain other issues undisposed of. It may be that a single issue of fact is such as may be set aside when a new trial is sought under the code, but the question still remains unanswered as to when the time begins to run against the motion, except as it is answered by section 659, where we are told that the notice of intention must be made "after verdict, if the *trial* was by jury." We cannot believe that in changing the phraseology used in the amendment of 1915 the legislature intended that the word "trial" used in the section should mean anything different from the words, "the action was tried," found in former statutes. When the legislature used the term "trial" it must, we think, have intended to refer to the action being tried, and not alone to some one or more issues of fact to be submitted to the jury not decisive of the case; that it was not intended to introduce a rule at variance with the procedure of half a century.

The notice of intention must be given "within ten days after receiving notice of the entry of judgment, or within ten days after verdict, if the trial was by jury," etc. "Entry of judgment" presupposes a "trial," and it would seem reasonable that when the word "trial" is used in connection with the verdict it means a trial in the true sense—i. e., a determination of all the issues and such determination as will authorize judgment to be entered.

As was said in *Bell* v. *Marsh,* 80 Cal. 411, [22 Pac. 170]: "A case has not been tried until all the issues have been disposed of." In order to constitute a trial, all the issues raised

by the pleadings must be actually or ostensibly disposed of. There must be such proceedings, after joinder of issue upon the facts, as are so far determinative of the issues that final judgment is the appropriate judicial conclusion thereof. Thus, where only a part of the issues were disposed of, and the rest were reserved, it was held there was no trial. (1 Hayne on New Trial, sec. 1, par. 2.) Mr. Hayne says: "Where only a part of the issues are submitted to a jury, the notice of intention should not be given until all the issues have been disposed of." (1 Hayne on New Trial, sec. 18, par. 1.)

In *Kiel* v. *Reay,* 50 Cal. 61, the action was on certain promissory notes, and certain special issues were submitted to a jury, but did not include the issue made by the pleadings as to whether plaintiff was the owner and holder of the notes; the verdict responded only to the special issues submitted, there having been no general verdict. A motion for judgment on the verdict was granted, but the supreme court reversed the judgment, holding that a material issue raised by the pleadings had not been disposed of and the result was simply a mistrial.

In *Crowther* v. *Rowlandson,* 27 Cal. 377, 385, the court said: "By the one hundred and ninety-fifth section of the act of 1863, it is provided that when 'an action has been tried by the court, or by a commissioner or referee,' the party intending to move for a new trial shall give a written notice thereof within ten days after receiving written notice of the findings of the judge, or the report of the commissioner or referee. The issues in this case were tried in part by the court and were in part committed for trial to a referee; and, therefore, the case does not fall within either of the express allotments of the section. But it is apparent that the intention of the legislature was, that proceedings in new trial should be postponed until cases had been 'tried.' The trial of this case was not complete until the final report of the referee was filed." The action was to set aside a conveyance alleged to have been made when the grantor was insane. The same rule was announced in *Hinds* v. *Gage,* 56 Cal. 486, which was a case for an accounting between parties, and also in *Duff* v. *Duff,* 71 Cal. 513, [12 Pac. 570].

The rule in equity cases is, as we have seen, and as Mr. Hayne states it, *supra:* "It is manifest that the equity rule

must be held to apply in common law cases, for if judgment be entered upon a special verdict which has not disposed of all the issues, there will be a mistrial.''

In *Vallejo etc. R. Co.* v. *Reed Orchard Co.,* 169 Cal. 545, .[147 Pac. 238], the court submitted certain issues to the jury and reserved certain other issues to itself which, after the verdict was rendered, were disposed of by findings of its own. On March 22, 1912, the verdict was rendered and the clerk entered judgment thereon. The court said: ''We regard the judgment entered by the clerk on March 22, 1912, as premature and without authority or effect, for, upon the facts stated, the trial was not concluded.'' It seems quite clear to us that unless, as appellant stoutly contends, the term ''trial'' as used in section 659 means any issue submitted to the jury, and does not mean the determination of all the issues, the contention of appellant cannot be sustained. That the term has no such broad meaning we are satisfied. We need not concern ourselves with the reason for the decisions that in condemnation cases the questions of use and necessity are exclusively for the court to determine (*Vallejo etc. R. Co.* v. *Reed Orchard Co.,* 169 Cal. 545, [147 Pac. 238]) ; these are issues of fact, though withheld from the jury, and must be determined by the court before final judgment of condemnation can be entered, and until found upon by the court there is no ''trial'' of the action as contemplated by section 659 of the Code of Civil Procedure.

Although the judge announced orally from the bench his conclusion as to the questions of use and necessity, this was in no legal sense equivalent to findings which the law required him to make, and which were not made until after the jury had rendered their verdict. Section 632 of the Code of Civil Procedure, provides that ''upon the trial of a question of fact by the court, its decision must be given in writing and filed with the clerk within thirty days after the cause is submitted for decision.'' ''The opinion of the court, expressed from the bench in deciding a case, is no part of its decision.'' (*American Well etc. Co.* v. *Superior Court,* 19 Cal. App. 497, 499, [126 Pac. 497].) In the formal findings of fact and conclusions of law are to be found the only legal expression of the views of the court. (*Montecito Valley Water Co.* v. *Santa Barbara,* 144 Cal. 578, 595, [77 Pac. 1113] ; *Sullivan* v. *Washburn & Moen Mfg. Co.,* 139 Cal. 257, 259, [72 Pac. 992].)

"Until the decision itself has been entered in the minutes, or reduced to writing by the judge and signed by him, and filed with the clerk, the case has not been tried in legal intent." (*Hastings* v. *Hastings,* 31 Cal. 95.)

The order granting the motion for a new trial is affirmed.

Hart, J., and Ellison, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 5, 1916.